## STATE v. JOHN P. ERNSTER AND OTHERS.[1]

October 22, 1920.

No. 22,019.

**Motion to quash indictment.**

1. Affidavits upon information and belief were properly excluded from consideration on a motion to quash the indictment.

**Same — evidence before grand jury.**

2. On such motion a member of the grand jury that found the indictment may not disclose the evidence upon which it was found, or whether hearsay or incompetent evidence was received.

**Same.**

3. From the minutes of the grand jury that found the indictment and from the testimony of the members of a committee from a former grand jury, it clearly appears that this committee appeared at a session of the grand jury and made statements as to the investigations made by the former grand jury of the charge against the defendants, the evidence heard and the reasons for not taking action. This appearance of the committee constitutes a legal cause for quashing the indictment.

**Quaere as to competency of evidence.**

4. Whether a grand juror is competent to testify that unauthorized persons attended a session when the charge embraced in the indictment was under consideration, quaere?

Defendants were indicted by the grand jury of Hennepin county charged with the crime of grand larceny in the first degree. They moved separately to quash the indictment upon the grounds mentioned in the first paragraph of the opinion. The motion was denied by Dickinson,

[1]Reported in 179 N. W. 640.

147 M.—6.

J., who certified the case to the supreme court. Remanded with direction to quash the indictment as to each appellant.

*Charles B. Elliott, Fowler, Schmitt, Carlson & Furber, Harlan P. Roberts, Frank J. Morley* and *Thomas J. Stevenson,* for defendants.

*Clifford L. Hilton,* Attorney General, *C. Louis Weeks,* Assistant Attorney General and *Floyd B. Olson,* Assistant County Attorney, for the state.

Holt, J.

Defendants separately moved to quash the indictment upon the grounds that (a) hearsay evidence was before the grand jury and the indictment was found on such evidence, and (b) unauthorized persons were permitted to appear before the grand jury in session and make unsworn and prejudicial statements while it was considering the case against defendants. The court denied the motion, but certified the case to this court for the purpose of reviewing its rulings and finding.

The indictment charges the defendants, officers of the Commonwealth Mortgage Company, with having unlawfully appropriated to their own use a large amount of bonds, negotiable paper and securities belonging to the company. The motion to quash was supported by affidavits and oral testimony. It appears that the indictment was found April 28, 1920, by a grand jury which convened in March. On April 5, 1920, a committee of three, appointed by a previous grand jury, came before the grand jury then in session and made some statements as to the investigations by the former grand jury relative to defendants' transactions with the company. Defendants also offered to show that hearsay and illegal evidence in the way of certain documents was received and considered in finding the indictment.

Each defendant supported the motion by his own affidavit as to the committee's appearance before the grand jury, and as to what was said and done before the grand jury, and also as to the hearsay and incompetent documentary evidence considered. The court rightfully excluded these affidavits upon the state's objection. They were hearsay pure and simple. Such evidence, whether in the form of affidavits supporting a motion to quash or whether offered from the witness stand for the like purpose, ought not to avail even to call for a denial by the state.

Defendants called members of the grand jury that found the indictment, and the prosecuting attorney assigned to the case, and sought to elicit from them that illegal and hearsay evidence had been given and considered by the jury. The ruling excluding such testimony was right.

In this state the rule always has been that a petit jury may not impeach its verdict. State v. Lentz, 45 Minn. 177, 47 N. W. 720, and cases there cited. The reason for the rule is equally applicable to an indictment and its impeachment by a member of the body that found it. Not only the oath of the grand juror and the statutory secrecy imposed upon those in the grand jury sessions, but public policy forbid a disclosure by a grand juror of the testimony given, received or considered in finding an indictment, except in specified instances not here important. State v. Beebe, 17 Minn. 218 (241); In re Pinney's Will, 27 Minn. 280, 6 N. W. 791, 7 N. W. 144; W. J. Burns Int. Det. Agency v. Holt, 138 Minn. 165, 164 N. W. 590. We have also held that the fact that hearsay or illegal evidence was heard and considered by a grand jury is not sufficient ground for quashing an indictment, for there may have been other and competent evidence received to warrant its finding. State v. Marshall, 140 Minn. 363, 168 N. W. 174. It may be noted that the statute does not specifically direct that an indictment is to be quashed if founded in part on hearsay. It is true, the statutory grounds for quashing have been held not exclusive, but that was said in a case where a defendant's constitutional rights have been violated in that he had been compelled to testify before the grand jury. State v. Froiseth, 16 Minn. 260 (296); State v. Brecht, 41 Minn. 50, 42 N. W. 602. However it is significant that the statute does not contemplate that every irregularity shall be fatal.

A moment's reflection suffices to show the utter impracticability of a rule permitting grand jurors, on a motion to quash, to be called to give testimony as to the evidence received by them in finding an indictment. It would permit the calling of every one of the grand jurors finding the indictment and subject them to an examination and cross-examination, and finally to attempt to ascertain what, if any, influence the reception of the hearsay evidence had upon the vote. The many cases considered and the number of witnesses heard by a grand jury in a populous county, such as, for instance, Hennepin, would make it impossible for the jurors

to recall with any degree of certainty the evidence heard in each case and whether it was in part hearsay. Furthermore, our code negatives the thought that when an indictment is found the evidence on which it is based shall ever again be reverted to, except as therein specified, which exceptions have no bearing here, for, by G. S. 1913, § 9113, it is provided that the clerk selected by them "shall preserve the minutes of their proceedings, but not of the votes of the individual members on a presentment or indictment, or of the evidence given before them." Subsequent sections in the grand jury act show only when a presentment is returned is evidence to be reduced to writing and preserved. To permit grand jurors to impeach the indictment by testifying that improper evidence was received and considered, necessarily would lead to an inquiry as to all the evidence heard and how it affected their vote, a result which a grand juror should not be allowed by his testimony to bring about. "The want of no fact essential to the finding and return of an indictment can be shown by the testimony of a grand juror." State v. Comer, 157 Ind. 611, 62 N. E. 452; Spigener v. State, 62 Ala. 383; Hall v. State, 134 Ala. 90, 32 South. 750. It may also be noted that the statute does not expressly give the right to have the indictment quashed because of the insufficiency of the evidence, or because incompetent or hearsay evidence was received.

G. S. 1913, § 9180, provides that an indictment shall be set aside: "Whenever a person shall have been permitted to be present at the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided by § 9122." By the members of the committee from a former grand jury, above referred to, it was made to appear that the committee came before the grand jury which found this indictment, and stated that such former grand jury had investigated defendants' relation with the Commonwealth Mortgage Company, and gave the reason for not returning an indictment; that certain questions were put to the members of the committee and they each spoke to the grand jury. The affidavit of one states that they were not sworn, but stated to the jury the evidence that had been before the former grand jury, and that they were asked questions about it; that the prosecuting attorney having charge of the investigation asked questions with refer-

ence to the charges against defendants and others, and that these ques-
tions were answered.

The minutes of the grand jury were offered and received. This was
competent evidence. State v. Gardner, 88 Minn. 130, 92 N. W. 529.
These minutes under date of April 5, 1920, read: "Mr. C. L. Weeks,
Ass'nt Attorney for the State of Minn.:—Attorney General office, Judge
Bardwell—request for an attorney he explains the case of Commonwealth
& bribe affair:—Mr. Hall E. G., Foreman Grand Jury, last one, explains
case of Commonwealth M. Co.—and witnesses called. Mr. S. J. Spencer,
Chairman of Com.:—other Grand Jury to present the case to this Grand
Jury. Mr. E. H. Jones, member of Com.:—Present speaks—Mr. Weeks:
—Leaves until 3:30 today. Case in court Judge Steele. General discus-
sion:—Com. out." It has been held that a case is under consideration
when a witness is being examined before a grand jury. State v. Slocum,
111 Minn. 328, 126 N. W. 1096. Here evidence, illegal or hearsay, to be
sure, was given the grand jury and the case was discussed when persons
not authorized to be present were present. The minds of the jury must
have considered and laid hold of the case when they heard what purported
to be the facts or evidence in respect to it. On the testimony above re-
ferred to we think it clearly appears that the indictment should have
been quashed.

The common law respecting grand jury functions, as supplemented by
our statutory enactments, clearly intends that there shall be no star
chamber proceedings at which persons may come, either by delegations
or singly, to advise or urge action on the part of the jury whether to in-
dict or to find a no bill. It is supposed that witnesses only shall appear,
one at a time, and give competent evidence, and upon evidence so given,
and that alone, the jury are to determine whether a person should be
accused of crime. If those interested in prosecuting may send a delega-
tion to the grand jury to induce the finding of a bill, so may the criminal
send his delegation and lawyer to persuade that no bill be found. The
grand jury is supposed to be a fearless and impartial investigator of
crime, and to the more fully accomplish this purpose the law seeks to pro-
vide against every influence of outsiders, and specifies that the mere pres-
ence of an unauthorized person when a witness testifies, or when the case
is discussed, or the vote taken, is fatal to the indictment. Justice Harlan

in Hurtado v. California, 110 U. S. 516, 4 Sup. Ct. 111, 28 L. ed. 232, said:[1]

"Grand juries perform most important public functions, and are a great security to the citizens against vindictive prosecutions either by the government, or by political partisans, or by private enemies."

For them to so remain their sessions should be secure from delegations or committees urging action. In the cross-examination of Jones and Spencer, the state saw fit to bring out that the deputy attorney general, Mr. Weeks, cautioned the grand jury not to consider what the committee said. This indicates that Mr. Weeks deemed that something improper was then going on in a grand jury session.

The facts in the instant case have much similarity to those in State v. Wetzel, 75 W. Va. 7, 83 S. E. 68, Ann. Cas. 1918A, 1074, where the indictment was set aside because persons not sworn appeared before the grand jury and made statements in respect to the case. See also Hartgraves v. State, 5 Okla. Cr. 266, 114 Pac. 343, 33 L.R.A.(N.S.) 568, Ann. Cas. 1912D, 180; Commonwealth v. Harris, 231 Mass. 584, 121 N. E. 409.

The court also ruled that a member of the grand jury finding the indictment, called by defendants, was incompetent to testify that the committee from the former grand jury appeared and made statements regarding the investigation of that jury and the reasons for their nonaction on the charge against defendants. The authorities are at variance as to the competency of grand jurors to testify to such facts. In some states statutes permit the inquiry. Courts also make a distinction between cases of collateral and direct attacks on the indictment. The contention is persuasive that, where a statute gives a defendant the right to have an indictment quashed upon a specific ground, he should be permitted to prove it by those most likely to know the truth, and none could be in a better position to prove what took place in a grand jury session than the members of the jury. It may well be that often the right is barren, unless the testimony of the grand jurors may be received. Strong opinions sustaining the admissibility of the testimony of grand jurors to prove the facts in respect to any ground upon which defendant is given

[1][Quoting Story's Constitution.]

the right to move to quash an indictment are: State v. Will, 97 Iowa, 58, 65 N. W. 1010; People v. Shattuck, 6 Abbott, N. C. 33; Eubanks v. State, 5 Okla. Cr. 325, 114 Pac. 748. But it is not necessary to determine the correctness of the ruling now, because of the opinion that upon the evidence received defendants were entitled to an order quashing the indictment.

The cause is remanded with direction to quash the indictment as to each appellant.