## STATE v. W. F. FRUEN AND OTHERS.[1]

March 20, 1925.

No. 24,528.

**Witness who testified before grand jury cannot be examined in district court as to such testimony.**

Upon a motion to quash an indictment based on affidavits made on information and belief, the district court may not compel a witness who testified before the grand jury, to submit to an examination concerning the testimony he gave or the proceedings had before the grand jury.

*Headnote. See Grand Jury, 28 C. J. p. 815, § 116.

[1]Reported in 202 N. W. 737.

Defendants were indicted by the grand jury of Hennepin county charged with the crime of selling securities without a license from the State Securities Commission. Defendants' motion to quash the indictment and their application to take the testimony of G. B. Brubaker were denied by Kolliner, J., who certified to this court the two questions at the beginning of the opinion. Remanded.

*Clifford L. Hilton*, Attorney General, *Ernest C. Carman*, Assistant Attorney General, *Floyd B. Olson*, County Attorney, and *William G. Compton*, Assistant County Attorney, for plaintiff.

*Brady, Robertson & Bonner*, for defendants.

LEES, C.

The grand jury of Hennepin county returned an indictment against defendants, charging them with the crime of selling securities without a license from the State Securities Commission. They moved to quash the indictment, their motion was denied and pursuant to section 10756, G. S. 1923, the district judge reported to this court the following questions:

1. May the court, in the exercise of its discretionary power, upon such an application, compel a witness to attend upon the court and testify concerning the testimony which he gave before the Grand Jury and concerning the proceedings had in his presence before that body?

2. If he may be so compelled to testify and it is thereafter claimed by the defendants that his testimony is false, may the court, in the exercise of its discretion, compel the testimony or hear or receive the testimony of grand jurors or others to disprove his present testimony touching the matters involved in the examination?

The motion to quash was based on the affidavits of two of the defendants in which they stated on information and belief that G. H. Brubaker, an attorney at law, appeared before the grand jury and stated that defendants had admitted to the Securities Commission that they had violated the "Blue Sky Law;" that he produced before the grand jury an unauthenticated transcript of

the proceedings before the commission at an investigation at which two of the defendants were present and copies of certain subscription lists upon which appeared the names of friends of members of the grand jury and that certain members of the grand jury had said that they voted to indict defendants because the Securities Commission was represented and urged that an indictment be returned; affiants further stated that Brubaker was not present at the investigation referred to and knew nothing about the facts except by hearsay and that there was no legal evidence upon which an indictment could be found. In the order denying the motion the court said that in support of their motion defendants asked the court to permit them to examine Brubaker concerning his testimony before the grand jury and the right, if necessary, to call members of the grand jury to impeach his testimony and that the reason for the request was that unless it was granted defendants would have nothing but hearsay evidence to prove the statements made in moving papers.

In State v. Ernster, 147 Minn. 81, 179 N. W. 640, it was held that affidavits such as we have here are hearsay pure and simple and do not call for a denial by the state; that public policy forbids a disclosure by a grand juror of the evidence received or considered in finding an indictment and that the fact that hearsay or illegal evidence was heard is not sufficient ground for quashing an indictment, for the reason that there may have been other and competent evidence to warrant its finding.

If defendants' motion was supported by Brubaker's affidavit or by the affidavits of persons who appeared before the grand jury under circumstances like those disclosed in State v. Ernster, a different question would be presented. It seems to us that what defendants are seeking to do here is to embark on a fishing expedition in the hope that they may get evidence which will support their motion and that, of course, is not permissible. See State v. Hawks, 56 Minn. 129, 57 N. W. 455.

The excuse offered for failing to procure Brubaker's affidavit is that he was hostile and would not voluntarily make an affidavit or give testimony. Evidently defendants believed that if he were com-

pelled to testify he would deny the statements made in their affidavits, for in their brief they invoke the rule announced in Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 Am. St. 349, that a party when surprised by the adverse testimony of his witness may be permitted to show that the witness made previous statements contrary to his testimony. In effect they ask the court to aid them to do indirectly what they could not do directly, for what they really want is not Brubaker's testimony, but the testimony of members of the grand jury, for the ostensible purpose of impeaching Brubaker when in truth the testimony is wanted for the purpose of getting before the court facts which the jurors would not be permitted to disclose if called as witnesses to support an attack upon the indictment they had found.

It is true that under section 10629, G. S. 1923, grand jurors may be required to disclose the testimony of a witness examined before them, but the statute has application to cases on trial before the court in which the witness gave testimony inconsistent with his testimony before the grand jury and not to such a proceeding as this.

Counsel for defendants quote the concluding paragraph of the opinion in State v. Ernster in support of their position. Detached from the context it might indicate approval of the doctrine invoked here, but not so when read as it should be in conjunction with what goes before.

The cause is remanded to the district court with the first question answered in the negative. The second is so framed as to require no answer unless the first is answered affirmatively.