STATE v. ARTHUR KASHERMAN.[1]

April 12, 1929.

No. 27,427.

*Benjamin M. Rigler,* for relator.

*Floyd B. Olson,* County Attorney, and *William C. Larson,* Assistant County Attorney, for the state.

STONE, J.

Certiorari to review a judgment convicting defendant of contempt and sentencing him to imprisonment for 90 days. The offense was the refusal of Kasherman to answer certain questions put to him by the grand jury of Hennepin county.

■ The arguments, that before being adjudged guilty of contempt defendant was entitled to a ruling from the district court that the questions were legally proper, and that in any event he was not

[1]Reported in 224 N. W. 838.

obliged to answer because they had to do with an offense which, if committed, was barred by the statute of limitations, may be considered together. Such claims misconceive the function of the grand jury, which does not try questions of guilt or innocence but investigates only to determine whether there is probable cause for prosecution. While agencies of the court, grand juries are subservient neither to judge nor prosecuting attorney. "They are appointed for the government and for the people" to investigate crimes and charges of crime, and in case of probable guilt to proceed by indictment or presentment. They have, therefore, "the undoubted right to send for witnesses and have them sworn to give evidence generally." Hale v. Henkel, 201 U. S. 43, 61, 26 S. Ct. 370, 50 L. ed. 652. Hence, it has been said, "jury-trial rules of evidence" do not apply and, "in point of policy," no such rules should hamper their inquiries. 1 Wigmore, Ev. 20. These general principles may be qualified by statute. Here, G. S. 1923 (2 Mason, 1927) § 10622, requires that a grand jury, investigating for the purpose of indictment or presentment, shall. receive no other evidence than

"1. Such as is given by witnesses produced and sworn before them; and

"2. Legal, documentary, or written evidence."

They are to receive the "best in degree to the exclusion of hearsay or secondary evidence, except when such evidence would be admissible on the trial of the accused for the offense charged." These rules for the government of the grand jury are for the protection of persons accused of crime and under investigation, rather than witnesses. The latter are adequately protected by their privilege against self-incrimination. It would be intolerable, and clearly was not the intention, if witnesses before a grand jury might delay its proceedings by requiring an affirmative ruling from the court upon the propriety of questions before answering them. It is not the concern of any mere witness that a grand jury may proceed improperly in finding an indictment or presentment. It is not for the witness to exert himself in the interest of the accused. The latter has his remedy if indicted on evidence improperly received. State v.

Ernster, 147 Minn. 81, 179 N. W. 640. Proof of an outlawed crime may very well be of the highest importance to a grand jury. It may lead to the discovery of a similar crime the prosecution of which is not barred by statute. Moreover, Minnesota grand juries are given expressly the power to investigate "into the condition and management of the public prisons in the county" and "wilful and corrupt misconduct in office of all public officers in the county." G. S. 1923 (2 Mason, 1927) § 10625.

It is next urged that, having been asked the same questions by a preceding grand jury, having refused to answer, and in consequence having been punished for the contempt by imprisonment, the present prosecution puts defendant again in jeopardy for the same offense. Again the argument is without merit. Courts of probate and chancery have no power to try or punish for crime but possess the unquestioned right to punish for contempt. That is because, although punishments for contempt are quasi criminal proceedings, their purpose is not to punish for a crime but rather to compel that obedience to courts which is necessary for orderly and effectual administration of justice. Hence the doctrine of double jeopardy has no application in proceedings for contempt. Middlebrook v. State, 43 Conn. 257, 21 Am. R. 650; Gibson v. Hutchinson, 148 Iowa, 139, 126 N. W. 790, Ann. Cas. 1912B, 1007; Jones v. Mould, 151 Iowa, 599, 132 N. W. 45. Furthermore, it is plain that the two offenses of which defendant seems to have been guilty were separate and distinct contempts and properly punishable as such. Ex parte Stice, 70 Cal. 51, 11 P. 459. That the questions were of the same tenor is the only pretext for the argument to the contrary. If the identity of the questions makes for the conclusion that the same matter was under consideration, there is no suggestion that it was not properly so.

Witnesses before courts or grand juries perform a public duty which they are bound to perform upon being properly summoned. However onerous or embarrassing, it is "necessary to the administration of justice according to the forms and modes established in our system of government." Blair v. U. S. 250 U. S. 273, 281,

39 S. Ct. 468, 471, 63 L. ed. 979.  So important a duty to government cannot be escaped upon such grounds as those here advanced.

Judgment affirmed.