In the Matter of the SECOND ADDITIONAL GRAND JURY OF THE COUNTY OF KINGS, EMPANELLED FOR THE SEPTEMBER 1961 TERM, Respondent, *v.* AURELIUS CIRILLO, Appellant.

Second Department, July 9, 1962.

*David M. Markowitz* for appellant.

*Edward S. Silver, District Attorney (Aaron E. Koota* of counsel), for respondent.

*Per Curiam.* On November 1, 1961, in the County Court, Kings County, appellant was found guilty, summarily, of a criminal contempt of court (Judiciary Law, § 750, subd. 5) for willfully refusing to answer proper questions posed by the Second Additional Grand Jury of the County of Kings which was investigating the circumstances surrounding the attempted strangulation of one Lawrence Gallo on August 20, 1961 at the Sahara Lounge Restaurant, and the slaying of one Joseph Magnasco on October 4, 1961 on a Brooklyn street.

After immunity had been conferred upon him pursuant to the provisions of section 2447 of the Penal Law, appellant answered questions concerning his activities on the evening of August 19, the morning of August 20, a Sunday, until 1:00 P.M. and thereafter from 7:00 P.M. to the close of the day. With respect to the period from 1:00 P.M. to 7:00 P.M. he said that he was unable to remember where he was or with whom, or what he did.

Following the imposition by the County Court of a 30-day sentence and a fine of $250, we dismissed appellant's petition for a writ of habeas corpus (*People ex rel. Cirillo* v. *Warden of City Prison,* 14 A D 2d 875), and the Court of Appeals affirmed (11 N Y 2d 51, 56), stating: " We have no doubt of the validity of the finding below that these ' don't remember ' answers were contemptuous (*People ex rel. Valenti* v. *McCloskey,* 6 N Y 2d 390, 398, 399)."

On December 5, 1961 appellant was recalled before this same Grand Jury and, after being advised that he was still under a grant of immunity, was interrogated as to the identical subject matter of the prior interrogation — his activities between the hours of 1:00 P.M. and 7:00 P.M. on Sunday, August 20, 1961. The present proceeding to punish him for contempt on the basis of his answers on this occasion was commenced by order to show cause and verified petition. He and his counsel received a copy of the Grand Jury minutes. Thereafter, a hearing was held before the court at which he took the identical position which he had previously taken.

Hence, it appears that appellant received a notice of the charges and a reasonable time to make a defense (Judiciary Law, § 751; *Matter of Spector* v. *Allen,* 281 N. Y. 251).

While appellant's recollection appeared to have improved slightly with respect to minor details, there is no material

difference between the questions posited and the answers given on both appearances. They are substantially identical and without a doubt appellant was, in essence, refusing to testify regarding his activities on the afternoon of August 20, 1961.

We do not find that appellant's appearance before the Grand Jury on December 5, 1961 was a mere continuation of his interrogation on November 1, 1961. Where a witness refuses to answer questions regarding a particular subject he is guilty of only one contempt notwithstanding the number of questions involved (*Yates* v. *United States,* 355 U. S. 66; *People* v. *Riela,* 7 N Y 2d 571). In the *Riela* case the Court of Appeals pointed out that when Riela refused to answer the first interrogatory concerning the November, 1957 gathering at the country estate of the late Joseph Barbara on the grounds of self incrimination (although immunity had been granted), "the District Attorney necessarily knew, ahead of time, that the claim of privilege once asserted would be repeated" (*People* v. *Riela, supra,* p. 578).

Here we have a new, separate and distinct act of a contumacious refusal to respond to proper interrogatories (*Matter of Amato,* 204 Misc. 454). The People did not know beforehand that the appellant would persist in his assertion of a memory failure concerning only this period. Indeed, they could properly assume that the appellant would recall his activities on the afternoon of August 20, 1961, particularly since he had theretofore been committed for contempt of court because of his "don't remember" answers covering this very time.

Moreover, de do not believe that a witness may impede or thwart an investigation by contumacious conduct and then claim that he is insulated or immunized from co-operating with lawful authority (e.g., *Matter of Ward,* 295 Mich. 742, 747; *Matter of Stice,* 70 Cal. 51, 58; *State* v. *Kasherman,* 177 Minn. 200, 202, cert. denied 280 U. S. 602). While the question has not been raised, we note in passing that the doctrine of former jeopardy is not applicable to this proceeding which is civil in nature (*Matter of Amato, supra; Matter of Ward, supra; Matter of Stice, supra; State* v. *Kasherman, supra*).

The obligation of a witness to respond to a lawful inquiry may possibly be onerous or difficult at times; however, it is a necessary contribution which each individual must make to the welfare of the general public and which is also essential to the orderly administration and prosecution of the criminal law (*Blair* v. *United States,* 250 U. S. 273, 281). Society is certainly entitled to every man's evidence unless he is specifically exempted or protected by law (see 8 Wigmore, Evidence

[McNaughton rev. 1961], § 2192). Since immunity has been conferred upon the appellant, he may not thwart the investigation of the Grand Jury by giving answers which, while proper in form, are in fact refusals to answer.

The order dated May 21, 1962 should be affirmed, without costs. The appeal from the order dated May 9, 1962 should be dismissed; it is an intermediate order which has been reviewed on the appeal from the later final order.

UGHETTA, Acting P. J., KLEINFELD, CHRIST, BRENNAN and HOPKINS, JJ., concur.

Order dated May 21, 1962 affirmed, without costs.

Appeal from order dated May 9, 1962 dismissed.