YARDARM CLUB HOTEL, INC., Appellant, v. KEITH MORGAN, Respondent. — In an action for reformation or rescission of a series of promissory notes and an agreement, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered June 10, 1964, as, in paragraphs numbered 3, 5, 9, 10 and 11, granted defendant's motion for a bill of particulars and directed plaintiff to serve upon defendant, as and for items in plaintiff's bill of particulars, copies of certain checks and receipts. Order, insofar as appealed from, reversed, with $10 costs and disbursements; and defendant's motion for a bill of particulars, insofar as it seeks such copies, denied. The time of the plaintiff to serve its bill of particulars pursuant to the order, as here modified, is extended until 30 days after entry of the order hereon. The checks and receipts are evidentiary matters which are not the proper subjects of a bill of particulars (*Solomon* v. *Travelers Fire Ins. Co.*, 5 A D 2d 1017; *Bennett Excavators Corp.* v. *Lasker-Goldman Corp.*, 7 A D 2d 1001; *Mertz* v. *de Landa*, 260 App. Div. 1034). Beldock, P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

(October 23, 1964)

In the Matter of JOSEPH USHKOWITZ et al., Petitioners, v. JULIUS HELFAND, as Acting Justice of the Supreme Court of the State of New York, et al., Respondents.—Proceeding pursuant to article 78 of the CPLR to annul an order made October 13, 1964 by the respondent Julius Helfand, Acting Justice of the Supreme Court, adjudging the petitioners to be in criminal contempt of court by reason of their third refusal to answer a certain question propounded to each of them in a proceeding pending before a Grand Jury in the County of Kings with respect to an alleged criminal conspiracy to obstruct the enforcement of the gambling laws. The respondents did not file an answer or make a formal motion to dismiss the petition. Instead, on the return day of this proceeding, October 19, 1964, the respective parties appeared before the court and argued only the issue of law as to whether, upon the petition's factual allegations, the petitioners are entitled to the relief sought. The parties on the return date also submitted their respective printed briefs in which the only issue presented was the legal sufficiency of the petition. Under the circumstances, the court will deem respondents' brief as raising an objection in point of law to the petition and as a motion, pursuant to statute (CPLR 7804, subd. [f]), to dismiss the petition for legal insufficiency. The petition is dismissed as insufficient in law. In our opinion, on the basis of the facts alleged, petitioner is not entitled to the relief sought. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.