**UNITED STATES of America ex rel. Joseph USHKOWITZ, Joseph Flori, Alfred Alphonse Giuliano and Francis T. Russo, Relators-Appellants,**

v.

**John J. McCLOSKEY, Respondent.**

**No. 271, Docket 29609.**

United States Court of Appeals
Second Circuit.

Argued March 10, 1966.

Decided May 2, 1966.

Arnold E. Wallach, New York City (Max Fruchtman, New York City, and Sidney G. Sparrow, Kew Gardens, N. Y., on the brief), for appellants.

Irving P. Seidman, Asst. Dist. Atty. for Kings County, New York (Aaron E. Koota, Dist. Atty., and Elliot Golden, Chief Asst. Dist. Atty., on the brief), for respondent.

Before SMITH, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Appellants seek by petition for a writ of habeas corpus to secure their discharge from the custody of respondent-appellee who is the Sheriff of the City of New York. Each of the appellants appeared before a grand jury of New York State which was investigating charges of a criminal conspiracy among employees of the New York Telephone Company, police officers of New York City and gamblers to obstruct enforcement of the gambling laws. In the course of its investigation the grand jury was inquiring into the activities of one William J. Hussey, security officer of the New York Telephone Company. The appellants, after being informed of the nature and scope of the investigation, were questioned about their knowledge of Hussey. When the appellants refused to answer on the ground of self-incrimination, they were granted immunity from prosecution in accordance with the law of New York. Thereafter appellants again appeared before the grand jury and each was asked, *inter alia*, "Do you know a person named William J. Hussey?" All appellants refused to answer, again advancing the plea of self-incrimination. Proceedings were thereupon instituted under Section 750 of the New York Judiciary Law, McKinney's Consol.Laws, c. 30, to punish appellants for contempt and they were sentenced to a term of imprisonment of thirty days and to a fine of $250. After they had served their terms, appellants

were again subpoenaed to appear before the grand jury and were again asked whether they knew Hussey. Again they refused to answer advancing the same ground of self-incrimination. Appellants were again sentenced for contempt to thirty days imprisonment and a fine of $250. When their second terms of imprisonment were completed, appellants were again summoned before the grand jury, again refused to answer on the same grounds and were sentenced and fined for a third time. It is with respect to this third sentence that appellants, having exhausted their state remedies, see Matter of Ushkowitz v. Helfland, 22 A.D.2d 700, 253 N.Y.S.2d 807 (1964), aff'd, 15 N.Y.2d 713, 256 N.Y.S.2d 339, 204 N.E.2d 498 (1965), instituted in the district court for the Eastern District of New York the present proceeding in which they seek habeas corpus. The district court dismissed the petition but granted a certificate of probable cause. We affirm the district court's dismissal of the petition.

■ We need not here discuss again the extent to which the double jeopardy clause of the Fifth Amendment may limit state power, see United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965), cert. denied, Mancusi v. Hetenyi, 383 U.S. 913, 86 S.Ct. 896, 15 L.Ed.2d 667 (1966), for by no accepted standard do the repeated prosecutions of these appellants constitute double jeopardy.

Appellants were not tried or punished more than once for a single offense. Each episode before the grand jury was a separate and distinct contempt. The conduct for which the sentences were imposed was similar conduct, but it was engaged in on three occasions separated from each other by appreciable periods of time.

"Every citizen is subject to be recalled as a witness before the same Grand Jury or investigating body. There is no reason why one should get immunity as to subsequent contempts by serving a term of imprisonment and paying a fine. The State has a right to his truthful testimony and has a right to try again to get it after he has once been found guilty of contempt and punished." Second Additional Grand Jury, etc. v. Cirillo, 12 N.Y.2d 206, 210, 237 N.Y.S.2d 709, 712, 188 N.E.2d 138, 140, 94 A.L.R.2d 1241 (1963).

The present case is distinguishable from Yates v. United States, 355 U.S. 66, 72, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957). In *Yates* it was held that the defendant could not properly be sentenced to separate terms of imprisonment for each of eleven refusals to answer questions when the questions were all directed to the same area of information and all asked on the same occasion. The present case would resemble *Yates* if for each occasion appellants appeared before the grand jury they had been sentenced to several 30 day terms of imprisonment for refusal to answer a series of questions. The occasions on which they refused to answer were separated from each other not only by time, but by the prison terms which were imposed as punishment in order to induce a change in their contumacious conduct.

Moreover, under the reasoning in *Yates,* appellants, in order to coerce them to answer, could have been imprisoned on the occasion of their first unlawful refusal to answer and kept in prison during the entire course of the grand jury's inquiry, subject, of course, to their purging themselves. *A fortiori* they could be imprisoned for three thirty day terms during the period covered by the grand jury's investigation.

■ The policy which grants to courts the right to call upon every person to give evidence in any case in which he has relevant knowledge is equally applicable to grand jury investigations. Only the clearest case of a violation of due process should lead us to interfere with the right of the courts of New York to enforce the duty of those called as witnesses to give their testimony before a grand jury. Appellants here raise no question as to their complete protection from prosecution under the shield of the immunity granted them. They offer no excuse whatever for their failure to testify.

That continuing contumacious refusal to testify is subject to repeated penalties is supported by the cases which have passed upon the point. See Ex Parte Stice, 70 Cal. 51, 11 P. 459 (1886); Commonwealth v. Town of Hudson, 315 Mass. 335, 52 N.E.2d 566, 574 (1943); In re Ward, 295 Mich. 742, 745, 295 N.W. 483, 485 (1940); State v. Kasherman, 177 Minn. 200, 224 N.W. 838, cert. denied, 280 U.S. 602, 50 S.Ct. 85, 74 L.Ed. 647 (1929); Matter of Second Additional Grand Jury, etc. v. Cirillo, supra; In re Amato, 204 Misc. 454, 456, 124 N.Y.S. 2d 726, 729 (Sup.Ct.1953).

It is argued that sentences for the repeated contempts could become so numerous and so oppressive as to constitute a denial of due process. We are clearly not dealing with that situation in the present case and we shall withhold judgment on it until we are faced with the problem.

The order is affirmed.