■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CUTRONE, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 19, 1975, convicting him of criminal contempt in the first degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. On September 10, 1971, defendant Cutrone appeared—for the fifth time—before a holdover Grand Jury which was investigating the activities in Nassau County of certain organized crime figures. Defendant had previously been granted immunity on May 15, 1970. During his September appearance, the grant of immunity was repeated. In part, the foreman said: "However, I wish to point out to you at this time that this grant of immunity which has just been conferred upon you by this Grand Jury does not prohibit you from being prosecuted or being subjected to penalty or forfeiture for any perjury or any contempt committed by you in answering or failing to answer or in producing or failing to produce evidence." Defendant was thereupon questioned concerning his activities on September 9, 1971, the previous day. In particular, he was asked about a conversation he had had with one Albert Gallo. Although he answered all of the questions directed to him on that point, and even though his responses could obviously be construed as evasive, nonresponsive and tantamount to a refusal to answer, yet at no time did the District Attorney or the foreman interrupt to admonish him or to instruct him to answer responsively; nor was he brought before the court to be so advised and admonished. Instead, the Assistant District Attorney turned to the foreman and asked him to direct the witness to return for further testimony on October 1, 1971. The record is silent as to what, if anything, occurred on October 1. However, on October 15, an indictment was handed up charging defendant with three counts of criminal contempt. After the resulting trial defendant was found guilty of the first count, which had to do with the Gallo conversation on September 9. In *People v Ianniello* (21 NY2d 418), at a point in the questioning before the Grand Jury when the witness had a convenient lapse of memory, he was reminded that immunity had been granted to him. When he was asked to affirm or deny that certain conversations had taken place, he asked for permission to see his attorney and persisted in that request. The prosecutor suggested that they go " 'in open court * * * and make an application.' " As noted by now Chief Judge Breitel (p 422): "This course was not pursued, however. Instead, the Grand Jury foreman, at the prosecutor's request, directed the witness to answer. He thereupon answered that he did not recall the conversations." The court also remarked that (p 425): "By requiring the matter to be taken to the presiding Justice, the proceeding is expedited and the danger of stalling tactics reduced. * * * Where a witness persists in raising objections which are palpably not in good faith, the judge may compel him to desist from this course under the sanction of contempt proceedings." In the case of *Matter of Second Additional Grand Jury of County of Kings v Cirillo* (16 AD2d 605), which was a prosecution to punish defendant for contempt pursuant to section 751 of the Judiciary Law, defendant was handed a copy of the Grand Jury minutes and "Thereafter, a hearing was held before the court at which he took the identical position which he had previously taken. Hence, it appears that appellant received a notice of the charges and a reasonable time to make a defense" *(supra,* p 606). The case of *Matter of*

*Foster v Hastings* (263 NY 311, 314), which is cited with approval in *People ex rel. Valenti v McCloskey* (6 NY2d 390, 398), is authority for the postulate that "when it plainly appears that the witness denies knowledge or recollection of a fact, obviously to evade an answer as to matters within his recollection, the court may refuse to aid in a mere subterfuge and may compel an answer". Implicit in each of the cases cited is the requirement that the witness be warned that his continued recalcitrance in answering proper questions would expose him to charges of criminal contempt. Such a warning is conspicuously absent in this instance. Accordingly, we reverse the judgment and dismiss the indictment. Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.