■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v STANLEY ROBERT RAPPAPORT, Respondent.—Order, Supreme Court, New York County, entered November 30, 1976, dismissing the indictment charging the defendant with criminal contempt in the first degree is unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings. During the course of a Grand Jury investigation regarding bribery and official misconduct, the defendant was called to testify. On the first day of the hearing, defendant was told that he would receive immunity regarding his testimony, but was advised that he could be subjected to prosecution for the crimes of perjury and contempt. The nature of the crimes were described to defendant. Defendant was advised that criminal contempt could be committed by not answering, or by giving a response to a legal and proper interrogation that is so evasive, so equivocal as to be the same as saying "I'm not going to answer". He indicated understanding of his status and obligations. After defendant's lapse of memory, the Assistant District Attorney reminded the defendant of his obligations and again warned him that "an immunized witness may be subject to prosecution should he give answers that are so false, so evasive and as not giving answers at all." On the third day of the hearing, defendant again replied that he had no questions concerning his status as an immunized witness. There ensued a professed inability to recall the facts of several subjects explored as necessary to the investigation. This led to his being indicted for giving "equivocal, evasive, conspicuously unbelievable and patently false answers." In dismissing the indictment, the trial court agreed that defendant had not been sufficiently warned that his answers might subject him to charges of evasive conduct under *People v Cutrone* (50 AD2d 838). The People urge that a witness may be punished for false and evasive profession of an inability to recall, amounting to no answer at all *(People v Ianniello,* 36 NY2d 137)*;* further, that there is no requirement that a person be

warned not to commit a crime while he is in the process of committing it; due process requiring only that the crime be defined with sufficient clarity so that a person of ordinary intelligence has fair notice that his contemplated conduct is forbidden *(Papachristou v City of Jacksonville,* 405 US 156). As reason for its reversal in *Cutrone,* the court said (p 839): "Implicit in each of the cases cited is the requirement that the witness be warned that his continued recalcitrance in answering proper questions would expose him to charges of criminal contempt." Here, the witness was given such an admonition before he began testimony, and when it became apparent that a pattern of evasion was developing, he was again admonished. Defendant even then persisted. At all times he indicated knowledge of his status as an immunized witness. Defendant argues that he was lulled into a sense of security that he was testifying properly. By what course of reasoning he arrives at this conclusion evades the mind. The District Attorney asked the same questions repeatedly and the defendant cannot in good faith say that the reason for reiteration was lost on him. Indeed, on the second day he was advised of his vulnerability to prosecution for evasive answers. If we were to adopt a rule that required the prosecution to warn the witness every time an otherwise unresponsive answer was made, the witness might, quite rightly, claim harassment. Accordingly, the question of whether the defendant committed evasive contempt should properly be resolved at trial. Concur —Lupiano, J. P., Silverman, Evans and Markewich, JJ.