**STATE of Minnesota, Appellant,**

v.

**John CARRIERE, Respondent.**

No. 49972.

Supreme Court of Minnesota.

March 21, 1980.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, Asst., Thomas A. Weist and Janeen Rosas, Asst. County Attys., Minneapolis, and Karl Van D'Elden, Law Clerk, for plaintiff.

Meshbesher, Singer & Spence, Ronald I. Meshbesher and Carol M. Grant, Minneapolis, for defendant.

PETERSON, Justice.

▉ This appeal presents for decision a question the trial court has certified as important and doubtful. The Hennepin County grand jury returned an indictment accusing defendant, John Richard Carriere, of the crime of murder in the first degree. By a pretrial motion pursuant to R.Crim.P. 15.-07, defendant tendered a plea of guilty to the crime of murder in the second degree.[1] The prosecutor opposed defendant's motion, claiming the existence of evidence from which a jury might find premeditation. The trial court did not rule on the motion. Pursuant to Rule 29.02, subd. 4, the trial court certified to us the following question:

> Under Minnesota Rules of Criminal Procedure 15.07, can the court accept a plea to an offense of a lesser degree over the voiced opposition of the County Attorney?[2]

Defendant's contention that the trial court may accept his plea of guilty to the crime of murder in the second degree despite the prosecutor's opposition is premised on the second sentence of Rule 15.07: "Upon motion of the defendant the court may accept a plea of guilty to a lesser

---

1. R.Crim.P. 15.07 provides:
   With the consent of the prosecuting attorney and the approval of the court, the defendant shall be permitted to enter a plea of guilty to a lesser included offense or to an offense of lesser degree. Upon motion of the defendant the court may accept a plea of guilty to a lesser included offense or to an offense of lesser degree. In either event, the plea may be entered without amendment of the indictment, complaint or tab charge.
   Second-degree murder is a lesser offense included within the offense of first-degree murder. Minn.Stat. § 609.04, subd. 1(1) (1978).

2. Rule 29.02, subd. 4, provides in relevant part:
   If, * * * upon any motion relating to the indictment or complaint, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Supreme Court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be

necessary to present the question of law, and certify the report to the Supreme Court, whereupon all proceedings in the case shall be stayed until the decision of the Supreme Court.

The certified question is properly before us under Rule 29.02, subd. 4. Although we have said it is preferable for the trial court to rule on a question before certifying it, *State v. Wicks*, 258 N.W.2d 598, 600, n. 2 (Minn.1977), a prior ruling is not an absolute prerequisite to our review. 258 N.W.2d at 600. If, as defendant's counsel indicated at oral argument, the trial court was inclined to grant defendant's motion, then its refusal to rule on the motion before certifying the question to us was appropriate. Acceptance of defendant's plea of guilty to second-degree murder would have constituted a conviction barring further prosecution of defendant for a different degree of the same crime. §§ 609.02, subd. 5(1); 609.04, subd. 2.

included offense or an offense of lesser degree." The comment to Rule 15 states that Rule 15.07 "authorizes the court on defendant's motion to permit the defendant to plead to a lesser offense without the consent of the prosecuting attorney." The prosecutor argues that if the second sentence of Rule 15.07 is read as authorizing the trial court to accept defendant's guilty plea without the prosecutor's consent, then it violates the constitutional provision for separation of powers.[3]

This is the first case in which the meaning of Rule 15.07 has been called into question before us. We agree with defendant that the clear import of the rule's language and commentary is that the trial court has the authority to accept a defendant's plea of guilty to a lesser included offense or an offense of lesser degree without the prosecutor's consent. We note that the rule does not by its terms place any condition on the trial court's acceptance of such a plea. If the second sentence of Rule 15.07 were in-terpreted as leaving to the trial court's complete discretion the decision whether to accept a guilty plea opposed by the prosecutor, the constitutional argument the prosecutor makes in this case would have merit. We believe, however, that conditions can be placed on the trial court's acceptance of such a plea which will eliminate the danger of judicial intrusion into an area reserved for prosecutorial discretion.

■ We hold that in order to successfully oppose a defendant's motion to plead guilty to a lesser included offense or an offense of lesser degree, the prosecutor must demonstrate to the trial court that there is a reasonable likelihood the state can withstand a motion to dismiss the charge at the close of the state's case in chief. The showing required of the prosecutor is intended to be in the nature of an offer of proof regarding the evidence he expects to introduce at trial.[4] Confessions,

---

**3.** Article 3, § 1, of the Minnesota Constitution provides: "The powers of government shall be divided into three distinct departments: legislative, executive and judicial. No person or persons belonging to or constituting one of these departments shall exercise any of the powers properly belonging to either of the others except in the instances expressly provided in this constitution."

The district court is part of the judicial department. The prosecutor is an executive official. The prosecutor argues that if the trial court were to accept defendant's plea the trial court would, in effect, be ordering the prosecutor not to prosecute the first-degree murder charge against defendant. This, the prosecutor contends, would constitute an encroachment by the judiciary upon the executive function of charging offenses.

Defendant argues that in this case, where the charge is by grand jury indictment, the trial court's acceptance of a plea of guilty to a lesser included offense would raise no issue with respect to the doctrine of separation of powers because the grand jury is part of the judicial department. Although the grand jury is an agency of the court, *State v. Kasherman,* 177 Minn. 200, 201, 224 N.W. 838, 838 (1929), the court's supervisory powers do not include the power to substitute its own determination of the crime to be charged for that of the grand jury. An indictment represents the grand jury's decision that there is probable cause to believe that an offense has been committed and that the defendant committed it. Rule 18.06,

subd. 2. The court is authorized to grant a motion to dismiss an indictment for lack of probable cause only if "[t]he evidence admissible before the grand jury was not sufficient * * * to establish the offense charged or any lesser or other included offense or any offense of a lesser degree." Rule 17.06, subd. 2(1)(a). When an indictment has been found by the grand jury, it is the county attorney's duty to "prosecute the same to a final determination in the district court." § 388.05. The prosecutor is generally accorded great discretion in determining the manner in which to fulfill his duty to prosecute. See, e. g., *Newman v. United States,* 127 U.S.App.D.C. 263, 382 F.2d 479 (D.C. Cir. 1967); *In re Welfare of F.C.R.,* 276 N.W.2d 636 (Minn.1979); *State v. Andrews,* 282 Minn. 386, 165 N.W.2d 528 (1969). The decision whether to seek a conviction of the crime charged in an indictment or engage in plea negotiations is in most instances left to the prosecutor's discretion. See *Andrews, supra,* 282 Minn. at 391, n. 4, 165 N.W.2d at 532, n. 4. The fact that the grand jury is administered within the judicial department thus does not weaken the prosecutor's argument that the trial court, in accepting defendant's plea of guilty to a lesser included offense without the prosecutor's consent, would be exercising a power properly belonging to the prosecutor as an executive official.

**4.** No evidence may be considered at the hearing on a defendant's motion to plead guilty to a

physical evidence, and affidavits of prospective witnesses are examples of what the prosecutor's offer of proof might include. If the trial court is convinced that at trial the prosecutor can introduce evidence reasonably capable of supporting the offense charged, it should refuse to accept the tendered guilty plea. The hearing on the motion must take place in open court and the trial court's order must include a detailed statement of the reasons for its ruling on the motion.

Remanded for further proceedings consistent with this opinion.

lesser included offense or an offense of lesser degree unless a hearing pursuant to Rule 11.02

or 12.04 to determine the admissibility of the evidence at trial has been held or waived.