■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CIRILLO, Appellant. — Appeal from a judgment of the County Court of Montgomery County, rendered December 10, 1979, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree. Judgment affirmed. No opinion. Mahoney, P.J., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. There should be a reversal here. In my view, the error in the proceedings which resulted in defendant's indictment for criminal contempt was of such character as to deprive defendant of his fundamental rights. As a matter of law and in the exercise of our discretion in the interests of justice, we should review the proceedings despite

any waiver that may have accrued from defendant's plea of guilty. Nowhere in the record does it appear that defendant was advised that he would be subject to contempt of court if he should refuse to answer any questions on the ground of self incrimination. Failure to demonstrate that such admonition was given is a fundamental defect *(People v Rappaport,* 47 NY2d 308, 313, cert den 444 US 964; *People v Cutrone,* 50 AD2d 838). Coloring and exacerbating this error is the fact that defense counsel was illegally present in the Grand Jury room at the time in violation of CPL 190.25 (subd 3, par [f]) and 190.52. The illegal presence of defense counsel is significant because defendant's attorney also represented a person who was the target of the Grand Jury investigation. Defendant's attorney clearly was operating under a conflict of interest which was directly inimical to the welfare of defendant. Obviously, in also representing the target of the investigation, defendant's attorney did not want this defendant to testify before the Grand Jury. These proceedings lacked the fundamental fairness that should characterize judicial criminal proceedings. Had the prosecutor not contributed to the violation of law by allowing defense counsel in the Grand Jury room and had he admonished defendant that he would be subject to contempt of court for his willful failure to answer, it is likely there would have been no criminal contempt proceeding. The presence of defense counsel in the Grand Jury room was prejudicial to defendant in that it undoubtedly contributed to the failure to properly warn defendant that he might be liable for contempt (see *People v Di Falco,* 44 NY2d 482).