**STATE of Minnesota, Appellant,**

v.

**Russell Eugene HYATT, Respondent.**

**No. C9–86–1645.**

Court of Appeals of Minnesota.

March 24, 1987.

Review Dismissed April 29, 1987.

Hubert H. Humphrey III, State Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin Cty. Public Defender, Philip D. Bush, Asst. Public Defender, Minneapolis, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Russell Hyatt was charged with first degree murder in the death of Nicole Davis. At an evidentiary hearing, the trial court ordered that some of Hyatt's statements to the police were admissible, while others were not. The court also, over the prosecutor's objection, accepted Hyatt's plea of guilty to second degree murder. The State appeals, claiming the trial court erred in accepting the plea and in suppressing certain of Hyatt's statements. Hyatt appeals from the order admitting certain of his other statements. We affirm the trial court's acceptance of the guilty plea.

## FACTS

Because we find the trial court did not err in accepting the plea, we include only those facts pertinent to that question.

On December 9, 1985, Russell Hyatt, then 21 years old, checked into the Fair Oaks Motel with Nicole Davis, an 18–year-old woman with whom he was involved. Davis was supposed to have taken a bus to work that morning. Instead, she accompanied Hyatt to the motel where he registered under his own name. Davis also gave her name and age, when asked by the motel clerk on duty. Although Hyatt later told police that Davis did not go to the motel willingly, the motel clerk testified during the grand jury proceedings that he noticed nothing unusual about their behavior when they registered.

Hyatt left the motel late the next morning, stopping in the office to get his key deposit. He then went to his mother's house where he drank a can of Drano and swallowed an assortment of pills. Hyatt stumbled into his brother's room and collapsed on the floor. His brother telephoned for an ambulance, and when paramedics arrived, they found Hyatt wheezing and semi-conscious. They were moving him to the ambulance when the police arrived. The police were given a note written on stationery from the motel and signed by Hyatt. In it, Hyatt stated that

Davis's body could be found under the box spring of the bed in room 303 of the motel. The police went to the motel and found the body which was partially clothed. Nearby were an electric cord with a belt attached to it, empty pill bottles, and a dildo.

An autopsy revealed Davis died of asphyxiation from manual strangulation. The external examinations showed blanching contusions on her wrists and ankles in a linear pattern that was consistent with her wrists and ankles being bound before death. The results of the sexual assault examination were inconclusive.

Meanwhile, Hyatt was taken to the stabilization room at the Hennepin County Medical Center. While hospitalized, he was twice interviewed by police. In the first interview, which occurred shortly after he arrived at the hospital, Hyatt admitted strangling Davis. In the second interview three days later, Hyatt again admitted killing Davis. He also told police that she had not gone willingly to the motel and that he had bought the electrical cord to tie her up.

The police investigation revealed that approximately six weeks before the murder Hyatt had been charged with fifth degree assault for hitting Davis, who then obtained a restraining order against him. After the assault, Hyatt sent her flowers and letters asking that she take him back. The police also discovered that Hyatt was involved with another woman, who was pregnant with his child at the time of the murder. This woman told police that Hyatt had called her while he was hospitalized and had said that he hated Davis and had planned to kill her.

Hyatt was charged by complaint with second degree murder. A grand jury later indicted him for first degree murder. At the evidentiary hearing, Hyatt tendered a plea of guilty to second degree murder. The State made an offer of proof that it believed would show Hyatt was guilty of first degree murder. The offer included, among other things, evidence of the earlier assault, Hyatt's letters, which the State said were threatening, and Hyatt's statement that he bought the electrical cords for

the purpose of tying up Davis. Hyatt also made an offer of proof showing that, after the assault in October, he and Davis continued to meet and to have a sexual relationship and that they had even checked into the Fair Oaks Motel in early November to spend the night. Hyatt also offered evidence that he engaged in sexual bondage and argued that the electrical cords were used for that purpose.

Over the prosecutor's objection, the trial court accepted Hyatt's plea, explaining that the offered evidence was inconsistent with a finding of premeditation. In pleading guilty, Hyatt claimed he had no recollection of the murder.

### ISSUE

Did the trial court err in accepting defendant's plea of guilty to the lesser offense of second degree murder?

### ANALYSIS

Under Minnesota Rules of Criminal Procedure 15.07, the trial court accepted Hyatt's plea of guilty to murder in the second degree over the prosecutor's objection.[1] The trial court's power to accept a defendant's plea to a lesser offense over the State's objection is not unlimited and should only be exercised in rare instances. *State v. McAllister*, 399 N.W.2d 685, 688 (Minn.Ct.App.1987). In *State v. Carriere*, 290 N.W.2d 618 (Minn.1980), the supreme court limited the trial court's power:

> [I]n order to successfully oppose a defendant's motion to plead guilty to a lesser included offense or an offense of lesser degree, the prosecutor must demonstrate to the trial court that there is a reasonable likelihood the state can withstand a motion to dismiss the charge at

the close of the state's case in chief. \* \* If the trial court is convinced that at trial the prosecutor can introduce evidence reasonably capable of supporting the offense charged, it should refuse to accept the tendered guilty plea.

*Id.* at 620–21; *accord State v. Stafford*, 340 N.W.2d 669, 670 (Minn.1983). The State contends that its offer of proof demonstrates the evidence of premeditation was sufficient to withstand a motion to dismiss and that the trial court erred in accepting Hyatt's plea.

Premeditation means "to consider, plan or prepare for, or determine to commit, the act referred to prior to its commission." Minn.Stat. § 609.18 (1984). Premeditation is a process of the mind and, as such, is wholly subjective and incapable of direct proof. *State v. Gavle*, 234 Minn. 186, 197, 48 N.W.2d 44, 51 (1951). Premeditation must be inferred from objective evidence of the circumstances surrounding a killing. *State v. McCullum*, 289 N.W.2d 89, 92 (Minn.1979). Although this task of inference is for the jury, *State v. Marsyla*, 269 N.W.2d 2, 5 (Minn.1978), the jury's responsibility is qualified by the principle that to sustain a conviction "the sum of the inferences reasonably to be drawn from the circumstances [must be] consistent with guilt and inconsistent with any rational belief of innocence." *Id.* (quoting *State v. Witte*, 280 Minn. 116, 118–19, 158 N.W.2d 266, 268 (1968)). Our supreme court has not hesitated to vacate a jury finding of premeditation when it was not satisfied that the finding was justified by the circumstances as a whole. *E.g., State v. Swain*, 269 N.W.2d 707, 712–14 (Minn. 1978).

The trial court found that the evidence relating to the element of premeditation

---

1. Minnesota Rules of Criminal Procedure 15.07 provides:

   With the consent of the prosecuting attorney and the approval of the court, the defendant shall be permitted to enter a plea of guilty to a lesser included offense or to an offense of lesser degree. Upon motion of the defendant and hearing thereon the court may accept a plea of guilty to a lesser included offense or to an offense of lesser degree, provided the court

   is satisfied following hearing that the prosecution cannot introduce evidence sufficient to justify the submission of the offense charged to the jury or that it would be a manifest injustice not to accept the plea. In either event, the plea may be entered without amendment of the indictment, complaint or tab charge.

   *Id.*

was circumstantial and permitted a reasonable inference other than that of premeditation. The court relied on evidence (1) that Hyatt and Davis used their own names when registering at the motel and that Davis did so without any indication of distress or coercion; (2) that no dangerous weapon was used; and (3) that shortly after Davis's death, Hyatt attempted suicide in a bizarre and painful manner by drinking Drano and in the process leaving a suicide note leading the police directly to Davis's body. The court noted that reliable evidence would be introduced which would be inconsistent with a finding of premeditation. The court concluded that there was more than a reasonable likelihood the State could not withstand a motion for judgment of acquittal following its case, explaining the evidence could support a conviction of a crime no greater than murder in the second degree.

■ We agree with the trial court. The evidence here, taken as a whole, cannot support an inference of premeditation only. Premeditation encompasses more than the mere intent to kill and cannot properly be inferred from the mere fact of killing alone. *State v. Keaton*, 258 Minn. 359, 363, 104 N.W.2d 650, 654 (1960). The evidence in the State's offer of proof either adds nothing to the element of premeditation or, as the trial court noted, is rebutted by proffered evidence which permits a reasonable inference inconsistent with premeditation.

The State argues that, because Davis was bound when she was strangled, an inference of premeditation would be justified. The State relies on *State v. Smith*, 367 N.W.2d 497 (Minn.1985), where the victim was bound at the time he was fatally stabbed. In *Smith*, the defendant appealed his conviction for first degree murder, contending the State failed to prove premeditation. That the victim was bound, however, was only one factor in a finding of premeditation. In upholding the conviction, the court noted that the victim's 40 stab wounds and the blood all over the house indicated the stabbing had taken

place over a period of time *before* the victim was bound and the fatal wound was inflicted. *Id.* at 501.

Although the evidence here showed that he tied Davis at the wrists and ankles with the electrical cord he bought, Hyatt made an offer of proof that he engaged in sexual bondage. This evidence is inconsistent with an inference that Hyatt bound Davis only so he could strangle her. Unlike the victim in *Smith*, Davis had no defensive wounds, indicating there was no struggle. Premeditation is to be inferred from all the circumstances, and here, binding the victim is only one such circumstance. We do not mean that binding a victim can never, by itself, justify an inference of premeditation; we merely hold that in this case it is not a circumstance supporting an inference of premeditation only.

■ The State also contends that death by strangulation, which may take several minutes, proves premeditation because Hyatt could form the requisite plan virtually instantaneously while he was committing the act. *See State v. Neumann*, 262 N.W.2d 426, 430 (Minn.1978). However, just as death from a series of blows cannot, alone, support a finding of premeditation, *Swain*, 269 N.W.2d at 714, neither can death by strangulation, by itself, support an inference of premeditation only.

Furthermore, the assault, which occurred six weeks before the murder, is of little probative value on the element of premeditation, *e.g., id.* (defendant's threat to kill his mother ten months earlier is of little probative value concerning his state of mind on the day of the murder), especially when Hyatt and Davis continued to have a sexual relationship after the assault and had checked into the Fair Oaks Motel in early November to spend the night.

Hyatt's alleged comment to his other girlfriend that he hated Davis and planned to kill her is more troublesome. Nevertheless, we believe the comment is inconsistent with a finding of premeditation. Hyatt allegedly made the comment during a telephone conversation several days after he was hospitalized. The police investigation

**618**

report contains conflicting statements from the girlfriend as to what Hyatt actually said and when he said it. She first told police that Hyatt said he hated Davis, then she later denied his saying it. She did maintain that Hyatt told her he planned to kill Davis.

He made the comment, however, after he had committed the crime. The comment is isolated and unaccompanied by other circumstances which might support a reasonable inference that Hyatt was planning to murder Davis. The comment is also contrary to the offered evidence which showed that Hyatt and Davis maintained a close relationship in the weeks preceding the murder.

Although Hyatt's actions after the killing may also evidence the degree of his planning and preparation for the killing itself, *see State v. Kirch,* 322 N.W.2d 770, 774 (Minn.1982), his attempt to hide the body adds nothing to the State's case for premeditation. Hiding the body in the motel room where he had registered using his own name is evidence more of concealment of a crime than of premeditation or plan to commit the crime.

Finally, the State argues that Hyatt's suicide attempt evidences a plan to escape responsibility for the killing. While a suicide attempt might in some instances exhibit such characteristics from which premeditation could reasonably be inferred, the circumstances here do not justify that inference.

■ The State's evidence pertaining to premeditation is entirely circumstantial. The reasonable inferences which a jury could draw from the circumstances surrounding the killing are simply not "consistent only with defendant's guilt and inconsistent with any rational hypothesis except that of his guilt." *State v. Gibbons,* 305 N.W.2d 331, 336 (Minn.1981) (quoting *State v. Kotka,* 277 Minn. 331, 334, 152 N.W.2d 445, 448 (1967), *cert. denied,* 389 U.S. 1056, 88 S.Ct. 806, 19 L.Ed.2d 853 (1968)). The State failed to demonstrate there was a reasonable likelihood it could withstand a motion to dismiss on the ele-

ment of premeditation. Accordingly, the trial court did not err in accepting Hyatt's plea of guilty to second degree murder. Our decision disposes of the appeal, and we need not address the other issues presented.

### DECISION

Affirmed.