**STATE of Minnesota, City of Shorewood, Appellant,**

v.

**David Scott FAVRE, Respondent.**

**No. C2-88-745.**

Court of Appeals of Minnesota.

Sept. 6, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Paul B. Ahern, Froberg & Penberthy, P.A., Minnetonka, for appellant.

Richard F. Koch, Minneapolis, for respondent.

Carla J. Butz, James C. Wicka, Messerli & Kramer, Minneapolis, amicus curiae for Mothers Against Drunk Driving.

\* Acting as judge of the Court of Appeals by ap-

Heard, considered and decided by Lansing, P.J., and KALITOWSKI and IRVINE\*, JJ.

## OPINION

LANSING, Judge.

David Favre was tab charged with driving under the influence of alcohol, driving with an alcohol concentration of .10 or more, and possession of drug paraphernalia, in violation of Minn.Stat. §§ 169.121, subd. 1(a) and (d), and 152.092 (1986). Over the state's objection, the trial court accepted Favre's plea of guilty to reckless driving, Minn.Stat. § 169.13, subd. 1. The state appeals, and also challenges the trial court's refusal to consider its motion to amend the complaint to allege violation of Minn.Stat. § 169.121, subd. 1(e), which prohibits driving with an alcohol concentration of .10 or more as measured within two hours of the time of driving.

## FACTS

At 12:10 a.m. on December 21, 1986, police officer Daniel Rusch observed a car driving in excess of the posted 30 MPH speed limit on Eureka Road in Shorewood. Radar indicated speeds of 39 to 41 MPH, and Rusch also saw the car's right tires go off the road and return sharply. Rusch stopped the car, and identified Favre as the driver. Two minors, who had been drinking, were also in the car, and a marijuana pipe was found in the car's interior.

Favre admitted he had consumed "a little bit" of alcohol, and that it probably was affecting his driving. Favre did not perform well on field sobriety tests, and Intoxilyzer breath tests registered alcohol concentrations of .156 and .164 at 12:56 a.m., and .167 and .168 at 1:02 a.m. The recorded result of .15 was measured within two hours of the initial stop.

After a Miranda warning at 1:07 a.m., Favre admitted having had six or seven beers from 10:30 p.m. until 12:00 or 12:30 a.m. He admitted to a prior DWI conviction from 1981 or 1982. Favre's driving record showed a DWI from Hickam Air

pointment pursuant to Minn. Const. art. 6, § 2.

Force Base in 1981, and various traffic offenses.

Before the Rasmussen hearing, defense counsel unsuccessfully attempted to persuade the prosecutor to offer Favre the chance to plead guilty to reckless driving rather than go to trial. Although this conference was not recorded, the state asserts that the prosecutor refused because this type of plea bargain is usually offered where the defendant has an alcohol concentration of .15 or less and there are no aggravating factors. As the prosecutor stated at the hearing, he is reluctant to offer a reduced charge unless a defendant is a "total angel." In this case, the bargain was not offered because Favre had an alcohol concentration of .15, the two minors in his car had been drinking, and Favre's record indicated at least one prior alcohol related offense.

At the Rasmussen hearing, the trial court refused to consider the state's motion to add an additional charge of driving with an alcohol concentration of .10 or more, as measured within two hours of the driving. Minn.Stat. § 169.121 subd. 1(e). Favre moved pursuant to Minn.R.Crim.P. 15.07 to be permitted to enter a plea of guilty to reckless driving, arguing that because the Air Force DWI was a "nonjudicial adjudication," it should not have been considered in the prosecutor's decision not to offer a plea to reckless driving.

Over the state's objection, the trial court allowed the plea, observing:

The record should * * * reflect that the Court is relying on 15.07—not on the first section as to whether or not the prosecution can introduce evidence sufficient to justify the submission of the offense to the jury. It is relying on that it would be manifest injustice not to accept a plea to lesser.

It's not actually a lesser included, it's actually the same offense and the same penalties and the penalties for reckless driving are not different because it's still an alcohol related offense. There is still consequences to the driver's license. There are still the same consequences as

there are on any alcohol related offense * * * and the penalties are the same.

* * * * * *

I do believe, however, I'm making the ruling on the basis that the prior petty misdemeanor D.W.I. which probably would have been decertified if you were able to do that through the federal government which is probably next to impossible to do. That this is a sentence that you probably would have gotten anyway and that is what the Court is basing his ruling on.

The state appeals.

### ISSUES

1. Did the trial court abuse its discretion in allowing Favre to plead guilty to reckless driving?

2. Did the trial court abuse its discretion in refusing to consider the state's motion to amend?

### ANALYSIS

#### I

Upon motion of the defendant and a hearing,

the court may accept a plea of guilty to a lesser included offense or to an offense of lesser degree, provided the court is satisfied following hearing that the prosecution cannot introduce evidence sufficient to justify the submission of the offense charged to the jury or that it would be a manifest injustice not to accept the plea. * * *

Minn.R.Crim.P. 15.07.

The prior rule provided simply that upon motion of the defendant, the court could accept a plea of guilty to a lesser offense. However, the Minnesota Supreme Court stated that it would violate the separation of powers provision of Minn. Const. art. 3, § 1 to leave "to the trial court's complete discretion the decision whether to accept a guilty plea opposed by the prosecutor." State v. Carriere, 290 N.W.2d 618, 620 (Minn.1980). The court accordingly allowed prosecutors to oppose a 15.07 motion with evidence demonstrating a reasonable

likelihood that the state could withstand a motion to dismiss. *Id.*

The rule was amended in 1983 to reflect this holding, and the "manifest injustice" language was also added, although the comment does not explain why or elaborate on its meaning. Subsequent cases do not provide any further definition for manifest injustice. *See State v. Stafford,* 340 N.W.2d 669, 671 n. 2 (Minn.1983) ("We do not believe that there is any manifest injustice in requiring defendant to stand trial on the charged offense in this case."); *State v. McAllister,* 399 N.W.2d 685, 688 (Minn.Ct. App.1987) ("The reasons cited by the trial court in this case [unconstitutionality, incorrectness of state's position, and discriminatory enforcement] do not rise to the level of injustice that would warrant such an extreme measure.").

█ Despite the absence of articulated standards, we believe that a finding of manifest injustice in this case was an abuse of discretion. The constitutional issues involved indicate that Rule 15.07 "should only be invoked in rare instances." *McAllister,* 399 N.W.2d at 688. And, as the Supreme Court has pointed out, "the decision to prosecute is particularly ill-suited to judicial review." *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). The "manifest injustice" provision more properly applies to situations like a dishonored plea bargain, or to prosecutorial decisions based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* at 608, 105 S.Ct. at 1531.

Those problems are not present here and the trial court's stated reasons for accepting the plea do not appear necessary to prevent manifest injustice. The court did not find that the state could not withstand a motion for dismissal, and stated only that reckless driving was an alcohol related offense ·with an identical penalty, and that the prior DWI on which the prosecutor's decision was based in part would probably have been decertified.

█ Reckless driving is not necessarily an alcohol related offense, and a reckless driving conviction does not have the same effect as a misdemeanor DWI: the latter allows enhancement for subsequent offenses under Minn.Stat. § 169.121, subd. 3 and 4. A reckless driving conviction could have the same effect on mandatory alcoholism screening for subsequent offenses under Minn.Stat. § 169.126, subd. 1(b). In addition, even if the nonjudicial DWI "probably would have been decertified," it was appropriately considered, along with other factors, in the prosecutor's decision not to offer a plea to a different offense.

In the absence of any question on the sufficiency of the evidence against Favre, it would not be a manifest injustice to require him to stand trial on the offense charged. The state's articulated reasons for refusing to plea bargain—Favre's driving record and the presence of intoxicated minors in his car—are not arbitrary or invidious, but in conformity with the deterrent purpose of the statute.

II

Before the Rasmussen hearing, the state moved to amend the complaint to add a charge of driving with an alcohol concentration of .10 or more, as measured within two hours, in violation of Minn.Stat. § 169.121, subd. 1(e). As the state points out, that subdivision was added in 1984 to eliminate a potential defense. Because it takes time for alcohol to reach the blood stream, blood alcohol concentration typically peaks some time after drinking. Given the delay before testing (approximately 50 minutes in this case), drivers would argue that the measured alcohol concentration could have been higher than their alcohol concentration when they were actually driving. Subdivision 1(e) eliminates that defense where an alcohol test is administered within two hours of driving.

A court may permit amendment of a criminal complaint at any time before the verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Minn.R.Crim.P. 17.05. The rule

leaves to the trial court the determination of whether the defendant will be

substantially prejudiced by an amendment and what steps, if any, including a continuance, may be taken to remove any prejudice that might otherwise result from an amendment.

*See* Comment to Minn.R.Crim.P. 17.

■ The Minnesota Supreme Court has held that an amendment does not prejudice the substantial rights of a defendant unless it adds or charges a different offense. *Gerdes v. State*, 319 N.W.2d 710, 712 (Minn.1982). The proposed amendment was not prejudicial under this standard. The only difference in the added offense would be the time of measurement of alcohol concentration, and Favre did not allege that the amendment would prejudice his defense.

Finally, the trial court declined to hear argument on prejudice, and refused to consider the amendment, stating that "[i]t's too late to add any new charges on the date of trial." The refusal to exercise discretion according to the standards set forth in the rule was an abuse of discretion. We therefore remand for reconsideration of the state's motion.

## DECISION
## REVERSED AND REMANDED.