STATE of Minnesota, Appellant,

v.

Robert Louis RHINES, Respondent.

No. C9–88–1522.

Court of Appeals of Minnesota.

Jan. 24, 1989.
Review Denied March 17, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for appellant.

Robert D. Sicoli, Thompson & Lundquist, Ltd., Minneapolis, for respondent.

Heard, considered, and decided by SHORT, P.J., and LESLIE *, and STONE, JJ.

## OPINION

STONE, Judge.

Respondent Robert Louis Rhines was charged with one count of perjury pursuant to Minn.Stat. § 609.48, subd. 1(1) (1986) for false statements allegedly made during a guilty plea that he later withdrew. At trial, upon Rhines' motion, the trial court suppressed Rhines' testimony at his guilty plea and dismissed the perjury complaint for lack of probable cause.

On appeal, the state argues that the trial court erred in suppressing Rhines' testimony. Rhines argues that the trial court did not err, but even if it did, principles of double jeopardy prohibit his retrial for perjury.

## FACTS

In October 1986, Rhines was charged with two counts of criminal sexual conduct. Rhines agreed to plead guilty to fourth degree criminal sexual conduct. At his guilty plea on June 3, 1987, Rhines testified under oath that in October 1986, he committed the acts alleged in the criminal sexual conduct complaint. Rhines also read and signed a petition to enter a guilty plea.

On July 7, 1987, Rhines testified at a hearing on his motion to withdraw his guilty plea. Rhines testified under oath that he lied at his guilty plea hearing. At the hearing, the prosecution asked several questions to establish the grounds for Rhines' withdrawal:

Q. [By the prosecutor]: And one of the statements in that petition [to enter a guilty plea] is that you admitted that you are, in fact, guilty of the offense?

A. Yes, on the plea, I did.

Q. Okay. And you signed that paper?

A. Yes.

Q. And you told the Judge that was an accurate statement of what you believed to be true?

A. Yes.

Q. And now you are telling us that it wasn't true?

A. No, it wasn't.

\* \* \* \* \* \*

Q. You were asked about exactly what happened on August 6th, 1986, [the date of the alleged criminal sexual conduct offense] is that right?

A. Yes.

\* \* \* \* \* \*

Q. Now you are telling us you [were] lying when you [testified about the facts of the criminal sexual conduct case]?

A. Yes.

Q. You were lying because you just wanted to get this matter over with?

A. I mean, it's like, I am not comfortable with this system either. I just figured, you know, I'd just get it over with, you know.

THE COURT: The question is: Were you lying when you made that statement?

THE [RESPONDENT]: Yes, I was.

THE COURT: And you were under oath at the time, is that right?

THE [RESPONDENT]: Yes. But I figured I was all right like for part of the plea.

\* \* \* \* \* \*

Q. [By the prosecutor]: And when you answered, "Yes," to [the question of whether there was a physical struggle between Rhines and the victim] you were lying on that, too, is that what you are saying?

A. Yes.

\* \* \* \* \* \*

Q. So everything [you testified to] about [the criminal sexual conduct charges] just that didn't happen?

A. No, it didn't.

Q. So, what you testified to [at the guilty plea], that was a lie, too?

A. As far as the plea goes?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Q. Okay. So you are just saying you were lying because you were putting in a plea?

A. Right.

    *    *    *    *    *    *

After the hearing, the trial court permitted withdrawal of the guilty plea, and Rhines was charged with one count of perjury in violation of Minn.Stat. § 609.48, subd. 1(1) (1986) in addition to the charges of criminal sexual conduct.

Rhines was subsequently convicted of criminal sexual conduct. In July 1988, a jury trial on the perjury charge began. After the jury was impaneled and sworn, Rhines moved to suppress his testimony from his guilty plea and from his withdrawal of the plea. In addition, Rhines moved the court to dismiss the complaint for lack of probable cause if the court granted his motion to suppress. The trial court granted both motions and issued an order suppressing the testimony and dismissing the complaint.

### ISSUES

1. Was the trial court's order of dismissal a pretrial order appealable by the state?

2. Do the Double Jeopardy Clauses of the United States and Minnesota Constitutions prohibit retrial of respondent for perjury?

3. In a subsequent trial for perjury, did the trial court err in suppressing respondent's testimony given at his guilty plea hearing?

### ANALYSIS

### I. APPEALABILITY

■ Courts strictly construe the right of the prosecution to appeal in criminal cases. *City of Albert Lea v. Harrer*, 381 N.W.2d 499, 501 (Minn.Ct.App.1986). Thus, "the government may appeal only pursuant to express statutory authority." *Id.* The Minnesota Rules of Criminal Procedure provide that the prosecution may appeal as of right from any pretrial order of the trial court *except* an order dismissing a complaint for lack of probable cause. Minn.R.

Crim.P. 28.04, subd. 1. The state argues that it can appeal the trial court's order dismissing its perjury complaint. We disagree and affirm.

The order here was not a pretrial order. The jury had already been impaneled and sworn when the order was issued. There is no provision in the rules of criminal procedure for the state to appeal an order issued after impaneling. Furthermore, even if the order here were a pretrial order, the state is prohibited from appealing. The trial court dismissed the perjury complaint against Rhines for lack of probable cause. The state cannot appeal the dismissal of a complaint for lack of probable cause. Minn.R.Crim.P. 28.04, subd. 1. The order here, whether pretrial or not, is not appealable by the state.

### II. TWICE IN JEOPARDY

■ The Double Jeopardy Clauses of the United States and Minnesota Constitutions respectively provide:

[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *.

[N]o person shall be put twice in jeopardy of punishment for the same offense * * * *.

U.S. Const. amend V; Minn. Const. art. I, § 7. *See also State v. Stillday*, 417 N.W.2d 728, 732 (Minn.Ct.App.1988). Jeopardy generally attaches when the jury is impaneled and sworn. *Id.* Rhines contends that the prosecution's appeal is barred by double jeopardy considerations. We agree.

After the jury was sworn and impaneled, Rhines moved to suppress his testimony and to have the case dismissed. The trial court granted both motions. Jeopardy attached when the jury was impaneled and sworn. *See id.* Once jeopardy attached, Minn.R.Crim.P. 28.04, subd. 2(8) prohibited the state's appeal of the order. Consequently, the state thus is prohibited from retrying Rhines for perjury.

■ Retrial also is barred by double jeopardy because the trial court's dismissal of the complaint was an acquittal. It is fundamental in double jeopardy jurispru-

dence that an acquittal cannot be reviewed. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). Whether a defendant has been "acquitted" depends not upon the form of the trial court's action, but rather upon

> whether the ruling of the judge, whatever its label, actually represents a resolution, *correct or not*, of some or all of the factual elements of the offense charged.

*Id.* (emphasis added). Rhines argues that he was acquitted by the trial court's dismissal of the perjury complaint for lack of probable cause and relies primarily on *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986) and *State v. Gurske*, 395 N.W.2d 353 (Minn.1986) in support of his contention.

In *Smalis*, the trial court granted defendant's demurrer at the close of the prosecution's case in chief on the ground that the evidence presented was legally insufficient to support a conviction. The Supreme Court held that the Double Jeopardy Clause barred the prosecution from appealing this ruling. *Id.* at 145–46, 106 S.Ct. at 1748. The Court reasoned:

> What the demurring defendant seeks is a ruling that as a matter of law the State's evidence is insufficient to establish his factual guilt. Our past decisions, which we are not inclined to reconsider at this time, hold that such a ruling is an acquittal under the Double Jeopardy Clause.

*Id.* at 144, 106 S.Ct. at 1748–49 (footnote omitted).

In *Gurske*, Gurske was charged with first and second degree murder. Following a trial, the jury was deadlocked. The trial court dismissed the jury, declared a mistrial, and immediately scheduled a retrial. Before the retrial began, Gurske made a motion to dismiss the first degree murder charge. The trial court granted this motion because "the evidence, all of which he had heard or seen at the first trial, was legally insufficient to sustain a guilty verdict on the intentional felony murder charge." 395 N.W.2d at 354.

The supreme court held that the trial court's order constituted an acquittal for the purposes of the Double Jeopardy Clause. *Id.* at 356. The court reasoned that the order was an acquittal because [application of double jeopardy principles to] "the facts of the instant case leave us with no doubt that the trial judge's order goes to the very merits of this case." *Id.* at 356. Read together, *Gurske* and *Smalis* indicate that dismissal for failure to present sufficient evidence is an acquittal under the Double Jeopardy Clause.

The state argues that this case is distinguishable from *Smalis* and *Gurske*. In both *Smalis* and *Gurske*, the parties were allowed to present all of their evidence and then the trial courts made decisions that on the merits, the evidence was insufficient to support the charged offense. The state argues that this case is different from *Gurske* and *Smalis* because, according to the state, the trial court's dismissal of the case was not a dismissal on the merits.

After it granted Rhines' motion to suppress, the trial court dismissed the state's complaint for lack of probable cause. Apparently, the state had no other evidence to present in this case. The trial court determined that without Rhines' testimony the state's evidence was insufficient to convict him of perjury. Thus, whatever the trial court labeled it, the trial court's determination that all of the state's evidence was inadmissible amounted to an acquittal, and Rhines cannot be retried for perjury.

The state finally argues that double jeopardy is not appropriate because Rhines intentionally waited until jeopardy attached to make his motion. The Supreme Court has expressly reserved the issue of whether the Double Jeopardy Clause bars retrial of "a defendant who is afforded an opportunity to obtain a determination of a legal defense prior to trial and nevertheless knowingly allows himself to be placed in jeopardy before raising the defense." *Serfass v. United States*, 420 U.S. 377, 394, 95 S.Ct. 1055, 1065–66, 43 L.Ed.2d 265 (1975).

Relying on *United States v. Kehoe*, 516 F.2d 78 (5th Cir.1975), *cert. denied*, 424 U.S. 909, 96 S.Ct. 1103, 47 L.Ed.2d 313 (1976) the state argues that Rhines' failure

to make his motion prior to trial denies him double jeopardy protection.

In *Kehoe*, the issue was whether

the double jeopardy clause prohibits further prosecution of defendants who procure the mid-trial dismissal of the indictment on the ground that it fails to state an offense.

516 F.2d at 83. The court concluded that the Double Jeopardy Clause did not prohibit further prosecution even though the prosecution had presented its evidence at trial, and the trial court called its decision an "acquittal." In reaching this conclusion the court emphasized:

At oral argument counsel for [the defendant] stated that he waited to make his "motion for acquittal" because he wanted an opportunity to view the government's evidence. We believe that a defendant who for reason of trial tactics delays until mid-trial a challenge to the indictment that could have been made before the trial—and before jeopardy had attached—is not entitled to claim the protection of the double jeopardy clause when his objections to the indictment are sustained.

*Id.* at 86.

Although *Kehoe* is strong support for the prosecution's argument it is distinguishable from this case. In *Kehoe*, counsel for the defendant admitted that he intentionally waited to move for acquittal as a matter of strategy. We would never condone such a tactic, and here, there is no evidence that counsel for Rhines delayed in making his motion as a matter of strategy.

 Even if counsel had held the motion intentionally, the state should have requested an omnibus hearing scheduled not more than fourteen days after the defendant's initial appearance. Minn.R.Crim.P. 8.04(c). At the omnibus hearing, the trial court could have heard all Rule 11.04 motions concerning evidentiary, procedural or other issues. Minn.R.Crim.P. 11.03.

### III. INCONSISTENT STATUTE AND RULE

Minn.Stat. § 609.48 (1986) provides, in pertinent part:

Subdivision 1. **Acts constituting.** Whoever makes a false material statement not believing it to be true in any of the following cases is guilty of perjury and may be sentenced as provided in subdivision 4:

(1) In or for an action, hearing or proceeding of any of kind in which the statement is required or authorized by law to be made under oath or affirmation.

\* \* \* \* \* \*

Subd. 2. **Defenses not available.** It is not a defense to a violation of this section that:

\* \* \* \* \* \*

(5) The statement was inadmissible under the law of evidence.

The rules of the supreme court provide:

**Rule 15.06. Plea Discussions and Agreements Not Admissible**

If the defendant enters a plea of guilty which is not accepted or which is withdrawn, neither the plea discussions, nor the plea agreement, nor the plea shall be received in evidence against or in favor of the defendant in *any* criminal, civil, or administrative proceeding.

Minn.R.Crim.P. 15.06 (emphasis added). Rhines contends that his statements made at the guilty plea and plea withdrawal hearings were inadmissible under Rule 15.06.

In view of our disposition of the previous two issues, we need not address this possible conflict between the legislative action and the court rule on a procedural matter.

### DECISION

The trial court's order of dismissal was not an appealable pretrial order. Even if the order were appealable, the constitution prohibits retrial of respondent for perjury.

AFFIRMED.