**STATE of Minnesota, Appellant,**

v.

**Randy Lee HOFFA, Respondent.**

**No. C4–93–1409.**

Court of Appeals of Minnesota.

Jan. 25, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Karen S. Herland, Sp. Asst. Minneapolis City Atty., Minneapolis, for appellant.

David Wexler, St. Louis Park, for respondent.

Considered and decided by PETERSON, P.J., and KLAPHAKE and HARTEN, JJ.

### OPINION

PETERSON, Judge.

Randy Lee Hoffa was charged with driving under the influence of alcohol. Over the prosecutor's objection, the district court accepted Hoffa's plea to careless driving. The state appeals. We reverse and remand for trial.

## FACTS

Based on a breath test that showed an alcohol concentration of .10, respondent Randy Lee Hoffa was charged with driving under the influence of alcohol (DUI); driving with an alcohol concentration of .10 or more; driving with an alcohol concentration measured within two hours of driving of .10 or more; careless driving; and misdemeanor speeding. At a pretrial hearing in May, 1993, Hoffa rejected the state's offer to plead guilty to careless driving, and the offer was withdrawn. Hoffa states he rejected the plea offer because the district court had not yet decided whether the results of the breath test were admissible in the criminal prosecution for DUI.

At a Rasmussen hearing on July 8, 1993, the district court determined the test results were admissible. The following day, the scheduled trial date, Hoffa moved for the district court to accept a plea to careless driving pursuant to Minn.R.Crim.P. 15.07. The court stated:

> [T]he Court feels based upon his record and reading in this matter and the fact that this was one of the counts with which he was charged, that's why the Court is accepting this plea to careless driving, realizing that he will be going through the same thing as far as probation is concerned, that he will be going through a conviction for DUI. * * *
>
> * * * * * *
>
> * * * [T]his is something that's routinely handled in the DUI to careless driving situations with readings of .10, that if you don't have some prior alcohol-related offenses, and that's one of the reasons I'm doing this, because I understand that—it creates a problem when somebody doesn't plead to careless driving way back at the pretrial and comes on through now.
>
> I understand how and why it happened in this situation, why he wanted to have a hearing in the matter, an Implied Consent, and also a Rasmussen hearing, but taking all that into consideration the Court just feels that it's proper in this particular situation for the Court to accept a plea to careless driving because this is the way these matters are handled routinely in this

government center over a number of years.

Over the state's objection, the court granted Hoffa's motion. The state appeals.

## ISSUE

Did the district court err by granting Hoffa's motion to plead guilty to careless driving over the state's objection?

## ANALYSIS

■ Minn.R.Crim.P. 15.07 permits the district court to accept a guilty plea to a lesser offense, without the prosecution's consent, provided "that it would be a manifest injustice not to accept the plea." The manifest injustice requirement

> properly applies to situations like a dishonored plea bargain, or to prosecutorial decisions based on "an unjustifiable standard such as race, religion, or other arbitrary classification."

*State v. Favre*, 428 N.W.2d 828, 831 (Minn. App.1988) (quoting *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985)). The determination of whether rejecting a plea would be a manifest injustice lies within the district court's discretion. *See id.* (applying abuse of discretion standard to review district court's finding of manifest injustice).

■ Although the state focused its argument on explaining why the decision to prosecute Hoffa for DUI was justified, the prosecutorial decision we must examine is the decision not to renew the plea offer following the Rasmussen hearing. Hoffa does not object to events up to the time of the Rasmussen hearing. He argues that it would be a manifest injustice not to accept the plea that he wanted to make after learning the outcome of his evidentiary challenge.

When Hoffa rejected the plea offer at the pretrial hearing, he knew that he could be prosecuted for DUI and that the test results might be admissible in the criminal prosecution. Although it is not clear whether Hoffa was told at pretrial that the plea offer would be withdrawn if rejected, the record shows that Hoffa knew the plea offer was revoked

well before the scheduled Rasmussen hearing and trial, but waited until the day of trial to make his motion.

Hoffa apparently rejected the plea offer because he felt confident that his challenge to the admissibility of the test results would be successful. When his challenge failed, his plea decision changed. It is not manifestly unjust to require Hoffa to live with the consequences of his decision to plead not guilty when he was aware of the potential consequences at the time he made this decision.

The United States Supreme Court has observed:

> Whatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned.

*Blackledge v. Allison*, 431 U.S. 63, 71 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136 (1977). Plea negotiations that result in a guilty plea eliminate the need for a trial and all the preparation that precedes a trial. *Barnes v. State*, 489 N.W.2d 273, 276 (Minn.App.1992), *pet. for rev. denied* (Minn. Nov. 3, 1992). Thus, one of the benefits the prosecuting attorney gains from a plea bargain is reduced demand for limited prosecution resources.

By waiting until the day of trial, after the state had produced witnesses and completed all other trial preparations, Hoffa deprived the state of one of the major benefits the prosecutor had hoped to obtain by making a plea offer at pretrial. It is not a manifest injustice to reject a guilty plea from a defendant who first refuses to accept a plea offer and then waits until the day of trial to try to take advantage of the rejected offer, thereby depriving the state of much of the benefit of plea bargaining. The fact that other similarly-situated defendants have been allowed to accept a plea offer at an earlier stage of the proceedings does not make it a manifest injustice to deny an attempt to take advantage of a rejected plea offer on the day of trial.

There is no evidence that the decision not to renew the plea offer on the day of trial was based on anything other than the recognition that the prosecutor gains very little by renewing a plea offer after preparing fully for trial. A prosecutor must weigh the costs and benefits of any plea agreement.

> [T]he decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.

*Wayte*, 470 U.S. at 607, 105 S.Ct. at 1530.

Because Hoffa was aware of the potential consequences of rejecting the plea at the time he rejected it and there is no evidence that the prosecutor's decision not to renew the plea was arbitrary or otherwise improper, it was not a manifest injustice to not accept Hoffa's plea on the day of trial. By accepting Hoffa's plea over the state's objection, the district court improperly intruded into the prosecutorial function.

### DECISION

The district court erred by accepting Hoffa's plea over the state's objection.

**Reversed and remanded.**