STATE of Minnesota, CITY OF MINNEAPOLIS, Appellant,

v.

Thomas Joseph GILMARTIN, Respondent.

No. C0–95–2562.

Court of Appeals of Minnesota.

June 11, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, Surell Brady, Minneapolis City Attorney, David J. MacLaughlin, Special Assistant City Attorney, Minneapolis, for Appellant.

Donald H. Nichols, Stephen Chippendale, Nichols, Kaster & Anderson, Minneapolis, for Respondent.

Considered and decided by LANSING, P.J., and SCHUMACHER and STONE,* JJ.

## OPINION

STONE, Judge.

In this appeal, the City of Minneapolis argues the district court abused its discretion when it determined that it should accept Gilmartin's plea over the objection of the prosecutor. We dismiss the appeal.

### FACTS

On August 20, 1994, Thomas Gilmartin, an Illinois resident, was arrested for driving while under the influence of alcohol. He was later charged with and pleaded not guilty to: (1) misdemeanor driving while under the influence of alcohol; (2) misdemeanor refusal to submit to a chemical test; and (3) misdemeanor careless driving.

On November 30, 1995, after Gilmartin had made two previous appearances, the case went to trial. After the jury was impaneled and sworn, and after opening statements were made, the possibility of mistrial arose because a juror was ill and no other replacements were available. At that point, Gilmartin offered to plead guilty to misdemeanor careless driving. The district court accepted the plea over the objection of the city and sentenced Gilmartin to pay a $700 fine.

The state appeals, arguing: (1) the district court's order is an appealable pretrial order;

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. Art. VI, § 10.

(2) the district court abused its discretion when it accepted Gilmartin's plea; and (3) the district court misapplied Rule 28.04, subd. 1 of the Minnesota Rules of Criminal Procedure.

**I.**

■ Appellate courts strictly construe the right of the prosecution to appeal in criminal cases. *City of Albert Lea v. Harrer,* 381 N.W.2d 499, 501 (Minn.App.1986). The Minnesota Rules of Criminal Procedure provide:

> **Right of Appeal.** The prosecuting attorney may appeal as of right to the Court of Appeals:
>
> (1) in any case, from any *pretrial* order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minnesota Statutes, section 631.21.

Minn.R.Crim.P. 28.04, subd. 1 (emphasis added). The city claims the subject matter of this case arose from a pretrial order; therefore, this matter is appealable. We find this argument unpersuasive. After a review of the case law, we hold that this case is similar to our handling of *State v. Rhines,* 435 N.W.2d 542 (Minn.App.1989), *review denied* (Minn. Mar. 17, 1989).

In *Rhines,* the defendant was charged with perjury. The district court, however, dismissed the charge for lack of probable cause after the jury was impaneled and sworn. *Id.* at 544. On appeal, this court determined the matter was not appealable, stating:

> The order here was not a pretrial order. The jury had already been impaneled and sworn when the order was issued. There is no provision in the rules of criminal procedure for the state to appeal an order issued after impaneling.

*Id.*

In this case, the order which is being appealed was issued after the jury had been sworn and had heard counsels' opening state-

ments. Thus, the order issued by the district court was not a pretrial order, but a mid-trial order, and is therefore not appealable. *State v. Favre,* 428 N.W.2d 828, 830 (Minn.App.1988) (reversing on appeal a plea to a lesser charge, entered during a pretrial *Rasmussen* hearing).

**II.**

■ The double jeopardy clauses of the United States and Minnesota Constitutions respectively provide:

> [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *.

U.S. Const. Amend. V.

> [N]o person shall be put twice in jeopardy of punishment for the same offense * * *.

Minn. Const. Art. I, sec. 7. Jeopardy generally attaches when the jury is impaneled and sworn. *State v. Stillday,* 417 N.W.2d 728, 732 (Minn.App.1988), *review denied* (Minn. Mar. 18, 1988).

■ Because the jury was already sworn and jeopardy had attached, we hold that this appeal is barred. If we were to reverse the determination of the district court we would be in effect requiring Gilmartin to face the same charges twice. Such a burden would be violative of double jeopardy. *See State v. McDonald,* 298 Minn. 449, 452, 215 N.W.2d 607, 609 (1974) (stating the rule that no person may be put in jeopardy for the same offense, and jeopardy attaches when a jury is empaneled and sworn).

**III.**

■ Whether or not to accept a guilty plea opposed by the prosecutor is a matter of the court's (conditional) discretion. *State v. Carriere,* 290 N.W.2d 618, 620 (Minn.1980) [1]; *see also Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (stating that prosecutorial discretion is not unfettered).

> Upon motion of the defendant and hearing thereon the court may accept a plea of guilty to a lesser included offense or to an

---

1. The supreme court states, "We believe, however, that conditions can be placed on the trial court's acceptance of such a plea which will

eliminate the danger of judicial intrusion into an area reserved for prosecutorial discretion." *Carriere,* 290 N.W.2d at 620.

offense of lesser degree, provided the court is satisfied following hearing that the prosecution cannot introduce evidence sufficient to justify the submission of the offense charged to the jury *or that it would be a manifest injustice not to accept the plea.*

Minn.R.Crim.P. 15.07 (emphasis added).

The city argues the district court abused its discretion when it overruled the state's objection and accepted Gilmartin's plea to a lesser included offense. The district court's decision was based on what it determined to be manifest injustice. The city now challenges that determination.

We do not concur with the statement of the prosecuting city attorney that if this court were to hold that the district court's order is not appealable, then " * * * trial court judges across the state would be free to substitute their judgment for that of prosecutors with regard to what charges are appropriate * * *."

Through the years, the trial judges of this state have demonstrated no desire to usurp the prosecutorial function. Occasionally, a case will arise where the court order is made, after jeopardy has attached, in the mistaken but good faith belief that either there is insufficient evidence of the greater charge or, as here, that it would be a manifest injustice not to accept the plea to the lesser charge.

There appears to be no clear definition of the "manifest injustice" language included in Rule 15.07. Case law establishes that the supplanting of a prosecutor's authority should be done only in limited circumstances. *See State v. McAllister,* 399 N.W.2d 685, 688 (Minn.App.1987) (stating that the "manifest injustice" language should only be used to usurp the prosecutor's broad discretion in rare instances). Generally, the

> "manifest injustice" provision more properly applies to situations like a dishonored plea bargain, or to prosecutorial decisions based on "an unjustifiable standard such as race, religion, or other arbitrary classification."

*Favre,* 428 N.W.2d at 831 (quoting *Wayte,* 470 U.S. at 608, 105 S.Ct. at 1531).

In the present matter, the district court found three reasons to overrule the discretion of the prosecutor: (1) this was Gilmartin's first alcohol-related offense; (2) Gilmartin already had his Illinois driving privileges suspended for one year, which is a longer penalty than he would have had to endure if he were a Minnesota resident; and (3) Gilmartin has already made a number of trips from Chicago to the Twin Cities as a result of this matter.

We do not concur with the district court that manifest injustice existed in this case. We conclude that the court's reasons are neither akin to dishonored plea bargains nor to a finding that the prosecutor's methods were arbitrary or invidious. *See Favre,* 428 N.W.2d at 830 (holding that the district court abused its discretion in allowing defendant charged with driving under the influence of alcohol to plead to a lesser offense over the objection of the state when the state's reasons for refusing the plea bargain, were neither arbitrary nor invidious). Nonetheless, we must simply follow our ruling that there is no right of appeal under Minn.R.Crim.P. 28.04, and the district court's acceptance of the plea and sentence must stand.

## DECISION

Although we hold that the district court exceeded its discretion by determining that a manifest injustice would have resulted if it refused to accept Gilmartin's plea, the prosecutor has no right of appeal in this case because the issue appealed did not arise during pretrial and because jeopardy had attached.

**Appeal dismissed.**