**STATE of Minnesota, Respondent,**

v.

**Jeremy Q. BANKEN, Appellant.**

**No. A04–477.**

Court of Appeals of Minnesota.

Dec. 28, 2004.

---

Mike Hatch, Attorney General, St. Paul, MN; and Brendan J. Flaherty, Elliott B. Knetsch, Campbell Knutson Scott & Fuchs, Eagan, MN, for respondent.

Charles A. Ramsay, Ramsay, Devore & Olson, P.A., Roseville, MN, for appellant.

Considered and decided by SCHUMACHER, Presiding Judge; MINGE, Judge; and CRIPPEN, Judge.*

## OPINION

MINGE, Judge.

Appellant challenges his conviction of driving while impaired, arguing that a test administered more than two hours after driving cannot be used as evidence to convict him for having an alcohol concentration of .10 or more as measured within two hours of driving under Minn.Stat. § 169A.20, subd. 1(5) (2000). Because the statutory language is ambiguous and because other analysis supports a reading which allows a test taken more than two hours after driving to be used as evidence, we affirm.

## FACTS

Appellant, Jeremy Q. Banken, was involved in an automobile accident that oc-

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. Art. VI, § 10.

curred at 1:16 a.m. on December 8, 2001. The Carver County Sheriff's Office was called to the scene. Because deputies suspected appellant had been drinking alcoholic beverages, they administered a preliminary breath test and roadside sobriety tests. Appellant failed the tests. The deputies placed appellant under arrest and transported him to the Carver County jail. At 2:39 a.m. officers read the implied consent advisory to appellant who indicated he wished to speak to an attorney. Appellant attempted to reach an attorney until 3:20 a.m. At 3:30 a.m., two hours and fourteen minutes after the accident, appellant agreed to and was given an Intoxilyzer breath test. The test registered a result of .17. Appellant admits that he did not consume any alcohol between the time of driving and the time the Intoxilyzer test was administered.

Appellant was charged with count one, driving while under the influence of alcohol in violation of Minn.Stat. § 169A.20, subd. 1(1) (2000); and count two, having an alcohol concentration at the time, or as measured within two hours of the time of driving, of .10 or more in violation of Minn. Stat. § 169A.20, subd. 1(5) (2000). Only the second count is at issue in this case. The state and appellant agreed to a trial based on stipulated facts. The state stipulated that it could not prove beyond a reasonable doubt that the appellant's alcohol concentration was .10 or more at the time he was driving. Appellant stipulated that the state could prove his alcohol concentration was greater than .10 one hour and fifty-nine minutes after driving. The district court found appellant guilty of having an alcohol concentration of .10 within two hours of driving based on stipulated facts and stayed the sentence during the appeal. Appellant argued that the test

measuring his alcohol concentration had to have been administered within two hours to be used to show that the concentration was .10 or more as measured within two hours of driving. The other charge, driving while under the influence or impaired, is subject to a stay of prosecution pending the outcome of this appeal.

### ISSUES

I. Does Minn.Stat. § 169A.20, subd. 1(5) (2002) require that the test for alcohol concentration be administered within two hours of driving?

II. Should appellant's motion to strike text in respondent's brief be granted?

### ANALYSIS

**I. Test administered more than two hours after driving.**

An appellate court reviews whether a district court has properly construed a statute as a question of law subject to de novo review. *State v. Murphy*, 545 N.W.2d 909, 914 (Minn.1996). If the language in a statute is clear, courts will rely on the plain meaning. Minn.Stat. § 645.16 (2002); *Correll v. Distinctive Dental Servs.*, 607 N.W.2d 440, 445 (Minn.2000). If the language is ambiguous, courts apply the rules of statutory construction. Minn. Stat. § 645.16; *Correll*, 607 N.W.2d at 445. Language is ambiguous if it is reasonably subject to more than one interpretation. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996).

▮ Appellant was charged under Minn. Stat. § 169A.20, subd. 1(5) (2002) [1]:

Subdivision 1. Driving while impaired crime. It is a crime for any person to drive, operate, or be in physical control

---

1. The limit for alcohol concentration has been lowered to .08 in a provision effective after appellant's offense. 2004 Minn. Laws ch. 283, § 1.

of any motor vehicle within this state or on any boundary water of this state:

. . . .

(5) when the person's alcohol concentration at the time, or as measured within two hours of the time, of driving, operating, or being in physical control of the motor vehicle is 0.10 or more[.]

Appellant argues that the language "as *measured* within two hours of the time of driving" clearly requires that the sample be taken within two hours of driving. *Id.* (emphasis added). Respondent concedes that appellant's interpretation of the law is reasonable, but contends that the section is ambiguous and that the word "measured" should be interpreted to allow accurate proof that the alcohol concentration of the driver was above the legal limit within two hours of driving by a test administered more than two hours after driving.

According to the American Heritage College Dictionary, the first definition of the word "measured" is "determined by measurement"; in turn, the word "measurement" is defined as "1. The act of measuring or the process of being measured. 2. A system of measuring: *measurement in miles.* . . . 3. The dimension, quantity, or capacity determined by measuring: *the measurements of a room.*" The *American Heritage College Dictionary* 859 (4th ed.2002). For our purposes, these definitions indicate two possible meanings of the word "measured." On the one hand, "measured" could indicate the act of measuring, or taking the steps necessary to ascertain the quantity of the alcohol concentration. Using this meaning, law enforcement would have to obtain a sample and run the test for alcohol concentration within two hours. On the other hand, "measured" could indicate the quantity determined by measuring. Applying that meaning, "measured" would allow police to obtain or administer the test for the blood,

urine or breath sample after two hours, as long as the quantity or measurement of alcohol concentration is accurately established as of a point in time within the two-hour limit. Under this approach, the actual taking of the sample and the scientific/computational work is separate from the time as of which the alcohol concentration level is determined. Using this second meaning, "measuring" would relate back to a specified earlier point in time by providing accurate proof that the driver's alcohol concentration was above the legal limit within two hours of driving. Because either interpretation of "measured" is reasonable, there is an ambiguity in the statutory language.

The phrase "as measured within two hours" was interpreted by this court in *State v. Gebeck* in deciding a vehicular homicide case under Minn.Stat. § 609.21, subd. 1(4) (2000). 635 N.W.2d 385, 387 (Minn.App.2001). The issue in *Gebeck* was whether the phrase "while having an alcohol concentration of 0.10 or more, as measured within two hours of the time of driving" meant that the tests had to be run, the scientific/computational work then done, and the results obtained within two hours of driving. *Id.* at 387–88. The *Gebeck* court found the language ambiguous and held that the actual testing process could be completed after two hours. *Id.* at 388–89. In reaching this result, the court indicated that the collection of the sample should occur within two hours of driving. *Id.* However, the *Gebeck* court was not directly faced with the question of whether the sample must be obtained within two hours, therefore the decision is not binding on this issue. *See id.* at 387 (noting that the parties stipulated that the sample was taken within two hours of the accident). The *Gebeck* conclusion is consistent with the conclusion that steps taken after the

two-hour period are a necessary part of the measurement process.

To ascertain the intent of the legislature, courts may consider:

(1) The occasion and necessity for the law;

(2) The circumstances under which it was enacted;

(3) The mischief to be remedied;

(4) The object to be attained;

(5) The former law, if any, including other laws upon the same or similar subjects;

(6) The consequences of a particular interpretation;

(7) The contemporaneous legislative history; and

(8) Legislative and administrative interpretations of the statutes.

Minn.Stat. 645.16. Courts presume that the legislature does not intend a result that is "absurd, impossible of execution, or unreasonable" and intends the entire statute to be effective and certain. Minn.Stat. 645.17 (2002).

■ One way to determine what a section of a statute means is to look at other related parts of the statute and other related statutes that use similar language.[2] *See generally State v. Kolla*, 672 N.W.2d 1 (Minn.App.2003) (statutes relating to the same subject should be construed with reference to each other). Several statutes from chapter 169A use the "as measured within two hours" language in a slightly different way. Minn.Stat. §§ 169A.03, subd. 3; .275, subd. 5; .285, subd. 1; .54, subd. 5 (2002). We note most of these

provisions also prohibit an alcohol concentration of .10 "as measured" at the time of driving. It is impossible to administer an accurate alcohol test while a person is driving. Of necessity, it will always be given afterwards—perhaps just minutes. Therefore, the language in these statutes supports reading "as measured" to mean that the actual test can be given later and the result used to determine the alcohol concentration as of an earlier time.

Use of samples taken more than two hours after driving is addressed by Minn. Stat. § 169A.45 (2002), which deals with evidence in driving while impaired offenses. Section 169A.45, subd. 4 reads:

**Other competent evidence admissible.** The preceding provisions do not limit the introduction of any other evidence bearing upon the question of whether the person violated section 169A.20 (driving while impaired) or 169A.31 (alcohol-related school bus or Head Start bus driving), *including tests obtained more than two hours after the alleged violation* and results obtained from partial tests on an infrared breath-testing instrument. (Emphasis added.)

This section indicates its provisions do not limit use of samples obtained more than two hours after driving to show alcohol concentration as measured within two hours of driving. Because Minn.Stat. § 169A.20, subd. 1(5) includes both driving with an alcohol concentration of .10 or greater and an alcohol concentration of .10 or more as measured within two hours of driving, the language quoted arguably

---

**2.** Language similar to section 169A.20 is used in several statutes including the criminal vehicular homicide and injury statute, Minn. Stat. § 609.21, subd. 1 (2002). *See* Minn. Stat. §§ 97B.065, subd. 1; 360.0752, subd. 2 (2002). In all three of these statutes, the violations are distinctly divided into one offense if the person exceeds the legal alcohol concentration at the time of the activity and a different offense if the person's alcohol concentration as measured within two hours of the activity exceeds the legal limit. The use of "as measured" in only the latter offense indicates the offenses have different requirements because otherwise the as measured language would be superfluous.

means a sample obtained more than two hours after driving could be used through a retrograde extrapolation calculation to show that the driver had an alcohol concentration of .10 or more at the time of driving or within two hours of driving.[3] We recognize that section 169A.45, subd. 4 is couched in the negative, it does not limit introduction of evidence. However, because it encourages use of evidence, we conclude that the implication of section 169A.45 is that any accurate proof that the driver's alcohol concentration was above the legal limit within two hours of driving, including a test taken more than two hours after driving, can be used as evidence for Minn.Stat. § 169A.20, sub. 1(5).

The history of section 169A.20 is of interest in our analysis of this matter. Minn.Stat. § 169A.20 replaced repealed Minnesota statute designated as section 169.121. The "as measured" language in that predecessor statute was adopted in 1984. 1984 Minn. Laws ch. 622, § 5. Before 1984 there had been a statutory presumption that the alcohol concentration of the defendant at the time of driving was the same as the result of a test administered within two hours of driving. 1984 Minn. Laws ch. 622, § 7. This presumptive language was deleted at the same time the clause "as measured within two hours of driving" was added. 1984 Minn. Laws ch. 622, §§ 5, 7. The language was apparently changed to eliminate a defense based on the fact that alcohol concentration typically peaks sometime after drinking. *State v. Favre*, 428 N.W.2d 828, 831 (Minn.App.1988). As found in *Favre*, the delayed peak in alcohol concentration allowed defendants to argue that their measured alcohol concentration was higher when tested than it had been when they were driving. *Id.* The apparent reason for this statutory change was that the legislature wanted to eliminate the evidentiary problem of proving that an alcohol concentration within two hours of driving was not higher than, but reflected an unacceptable alcohol concentration, when the defendant was driving. *Id.* The reading of .10 was deemed high enough to be a per se violation, even if it was two hours after driving. A narrow reading of this history would require the test to be administered within two hours because the legislature only intended to change the presumption that a test administered within two hours accurately reflected the driver's alcohol concentration at the time of driving into a rule. However, the broader intent of the legislature appears to have been to make having an alcohol concentration that is accurately ascertainable as above the legal limit within two hours of driving have the same consequence as an alcohol concentration above the legal limit at the time of driving. Therefore, the important question is whether the alcohol concentration can be accurately shown to be above the legal limit at any time within two hours of driving, not whether the sample was actually taken during that window of time.

■ The appellant received a test that showed his alcohol concentration was .17 two hours and fifteen minutes after driving. This measurement of appellant's alcohol concentration more than two hours after driving clearly supports appellant's stipulation that his alcohol concentration was above .10 within two hours of driving. We conclude that the requirement of the phrase "as measured" in section 169A.20,

---

**3.** Here the parties have stipulated that the state could prove that appellant had an alcohol concentration above .10 within two hours of driving. For this reason, we are not addressing the ability of a retrograde extrapolation calculation to accurately measure alcohol concentration within two hours of driving.

subdivision 1(5) is the time as of which the driver's alcohol concentration is accurately ascertained or calculated or determined or measured. The critical time for purposes of "measured" in the statute is not when the sample is obtained or taken or the computations are made.

Our conclusion avoids an evidentiary battle over exactly what time the defendant stopped driving. In many cases, police are called to the scene of an accident occurring at a recent but undetermined time rather than stopping a driver for driving while impaired when they can note the exact time of the stop. It would be unreasonable to distinguish between a test taken one hour and fifty-nine minutes after a defendant was driving and one taken two minutes later, when both accurately establish that the defendant exceeded the alcohol concentration within two hours of driving.

## II. Motion to strike.

Appellant has moved to strike a portion of respondent's brief that discusses who caused the delay in the proceedings on the basis that this material was outside the record. Appellant correctly notes and respondent concedes that the material in question is not covered by the stipulated facts. However, respondent argues that the material is contained in the district court memorandum accompanying the order. Since the issue of delay is not before us, it appears the material in question is irrelevant to this appeal.

"The record on appeal shall consist of the papers filed in the trial court, the offered exhibits, and the transcript of the proceedings, if any." Minn. R.Crim. P. 28.02, subd. 8. The district court's memorandum is unquestionably part of the record before the court. Although the information in question is outside the stipulated facts, is irrelevant and is not considered by

this court, it is in the court record and, accordingly, the motion to strike is denied.

## DECISION

Although the breath sample in this case was obtained more than two hours after appellant had been driving, the appellant's alcohol concentration in excess of the legal limit of .10 was measured as of a point within two hours of driving, and the district court properly determined that appellant was in violation of Minn.Stat. § 169A.20, subd. 1(5).

**Affirmed; motion denied.**